## STATE *vs*. CHARLES A. DROWNE.

### PROVIDENCE—DECEMBER 4, 1897.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

The jurisdiction of superior courts cannot be taken away except by express words or necessary implication.

Under their general jurisdiction District Courts have authority only to fine *or* imprison; hence the necessity for the special provision of Gen. Laws R. I. cap. 147, § 9, to extend their jurisdiction to fine *and* imprisonment for the repetition of the offences specified in §§ 6, 7, and 8, of said chapter.

The dictum in *State* v. *Crogan*, 6 R. I. 40, is to be treated as having been overruled by subsequent cases.

A statute is to be construed in the most beneficial way which its language will permit, in order to prevent inconsistency or injustice.

When the language of a statute is not precise and clear, that construction of it will be adopted which will appear most reasonable and best suited to accomplish its objects; a construction which leads to an absurdity will be avoided if possible.

COMPLAINT under the statute relating to sale of adulterated milk. On appeal from the District Court, and after a verdict against him in the Common Pleas Division, the respondent moved to be discharged, on the ground that the latter court was without jurisdiction to impose sentence upon him. The case was then certified to the Appellate Division and heard on this motion.

TILLINGHAST, J. The defendant was found guilty, in the District Court of the Sixth Judicial District, of violating § 6 of cap. 147 of the Gen. Laws. R. I.,[1] and was sentenced to pay a fine of $20 and costs. He thereupon appealed to the Common Pleas Division, where he was tried by a jury and found guilty. Upon being called for sentence the defendant filed a motion that he be discharged, on the ground that no penalty is prescribed by statute, upon conviction of the offence alleged in the complaint, except such conviction be had before a District Court—that is to say, that there is no punishment provided by law which the Common Pleas Division can impose on a person convicted before it, on appeal of the offence alleged in the complaint. The case was thereupon certified to this Division under Gen. Laws R. I. cap. 250, § 19.[2]

The section of the statute under which the defendant was sentenced in the District Court was as follows :

"SEC. 9. Every person who shall be found guilty before a district court of violating any of the provisions of the three sections next preceding, upon the first conviction shall be

[1] SEC. 6. No person shall sell or exchange or have in his possession with intent to sell or exchange, or offer for sale or exchange, adulterated milk or milk to which water or any foreign substance has been added.

[2] SEC. 19. If the defendant in any criminal proceeding commenced in the common pleas division or pending therein on appeal from a district court, shall, during the pendency thereof, except during trial before a jury, raise any question of law (other than constitutional questions) which, if decided in his favor, would bar or terminate such criminal proceeding, said division shall forthwith certify said question to the appellate division for its decision thereon. The appellate division shall give precedence to the hearing of such question over all other business excepting constitutional questions and shall make special assignments thereof. Having decided such question it shall send back the record with its decision certified thereon to the common pleas division, which shall take action accordingly.

fined twenty dollars; and upon the second, and every subsequent conviction, shall be fined twenty dollars and be imprisoned in the county jail for ten days."

The contention of defendant's counsel is that, as the District Court, by virtue of its general jurisdiction in criminal proceedings, had power to sentence under this statute without being specially authorized so to do, it must be held that the language "who shall be found guilty before a district court" has the effect of limiting the imposition of the penalty prescribed in that court.

The position thus taken is tenable only in part. Under Gen. Laws R. I. cap. 229, § 2,[1] the District Court had authority to sentence the defendant to pay a fine of $20 and costs in this case, independently of the special authority conferred by said section 9. But the authority to sentence upon a second or any subsequent conviction, by fine *and* imprisonment, is not given by said section 2 of cap. 229, and hence it was necessary for the General Assembly to confer special jurisdiction upon District Courts in order to enable them to impose such sentence.

In support of the defendant's contention that the District Court, under its general jurisdiction in criminal proceedings, had power to sentence under said section 9 of cap. 147, he cites the cases of *State* v. *Crogan*, 6 R. I. 40 ; *State* v. *Fletcher*, 13 R. I. 522, and *State* v. *Nolan*, 15 R. I. 529. These cases are clearly distinguishable from the one before us. In *State* v. *Crogan*, it is true, there is a *dictum* to the effect that, under the general jurisdiction of justices of the peace (which, in so far as the point before us is concerned, was the same then as that now conferred upon District Courts), the Court of Magis-

---

[1] SEC. 2. Every district court shall have jurisdiction and cognizance of all crimes, offences and misdemeanors, including offences against town or city ordinances, excepting those of the city of Providence, done or committed within the district in which it is established, punishable by fine not exceeding twenty dollars or by imprisonment not exceeding three months, and of all other criminal matters which are or shall be declared especially to be within the jurisdiction of such court by the laws of the state, which shall be brought before such court, with power to proceed to trial, render judgment, pass sentence and award a warrant for execution thereof.

trates of Providence, exercising the same jurisdiction as a justice of the peace, had power to punish both by fine *and* imprisonment. But as it clearly appears in that case that the court had jurisdiction under another provision of the statute, viz., under Rev. Stat. R. I. cap. 78, § 22, as held in the opinion, it was not necessary for the court to rely on the general ·jurisdiction aforesaid. In *State* v. *Fletcher* it was expressly held that a similar provision to that under which defendant now claims the District Court had jurisdiction in this case did not authorize a Justice Court to punish by fine *and* imprisonment, but only by fine *or* imprisonment. And the court in that case based its jurisdiction upon another statute, viz., Pub. Laws R. I. cap. 889, which, while not expressly conferring the jurisdiction to punish by fine *and* imprisonment, yet the court held that it did so by implication. *State* v. *Nolan* follows the last named case upon the question of jurisdiction. The *dictum* of Brayton, J., in *State* v. *Crogan*, must, therefore, be treated as having been overruled by the subsequent cases.

As it appears, then, that District Courts have authority under their general jurisdiction only to fine *or* imprison, but not to combine the two methods of punishment, the insertion of the clause, "who shall be found guilty before a district court," in the act before us, or of some similar provision, was rendered necessary in order to extend the jurisdiction of such courts so as to enable them, in a proper case, both to fine *and* imprison. This was evidently the view which the General Assembly took in the passage of the act, and hence they employed the language aforesaid for the purpose of giving jurisdiction, not over the first offence, for the court already had jurisdiction over that, but over the second and all subsequent offences.

As to the defendant's contention that the language " who shall be found guilty before a district court" limits and restricts the punishment to be inflicted to that court, we are clearly of the opinion that such is not the effect thereof. The mere fact that the statute expressly authorizes the District Court to punish a person found guilty before it, in no

way affects the jurisdiction of the Common Pleas Division over the same case on appeal. Gen. Laws R. I. cap. 249, § 7, provides that "All criminal appeals shall be heard and tried in the Common Pleas Division of the Supreme Court with a jury, and the verdict or decision in said Division in said case shall be final, except in matters of law ;" and § 5 of cap. 223 provides that "Said Common Pleas Division shall have original jurisdiction of all crimes, offences and misdemeanors whatsoever, except as otherwise provided ; and also shall have cognizance and jurisdiction of all crimes, offences and misdemeanors which shall be brought before it by appeal, commitment, recognizance, indictment or otherwise ; and shall sentence all persons convicted before it to such punishment as is or shall be by law prescribed." In order to take away from the Common Pleas Division any part of the jurisdiction thus clearly conferred, the language used for this purpose ought to show expressly, or by necessary implication, that the General Assembly so intended ; it being a well settled rule of construction that the jurisdiction of superior courts cannot be taken away except by express words or necessary implication. Endlich on Interpretation of Statutes, §§ 152–3 ; Am. & Eng. Ency. L. 353 and cases cited ; *Com.* v. *Hudson,* 11 Gray, 64 ; *People* v. *Ins. Co.,* 15 Johns. 358.

Moreover, we are bound to construe a statute in the most beneficial way which its language will permit, in order to prevent inconsistency or injustice. Sutherland on Statutory Construction, §§ 323–4 and cases cited.

Another and equally well settled rule in the construction of statutes is that, when the language is not precise and clear, such construction will be adopted as shall appear most reasonable, and best suited to accomplish the objects of the statute, and that a construction which leads to an absurdity will be avoided if possible. *Dawley* v. *Pro. Court,* 16 R. I. 694 ; *Re State House Com's,* 19 R. I. 326 (331); *Com.* v. *Kimball,* 24 Pick. 366 (370). For us to hold that the particular language in question limits the power to sentence, under the statute in question, to District Courts, would be to practically render

said statute null and void, as, the moment an appeal should be taken from the District Court, neither that court nor any other would have jurisdiction of the case for the purpose of rendering judgment thereon. A construction which would lead to such an absurd consequence will never be adopted unless it is clear that the Appellate Court is without jurisdiction. See 23 Am. & Eng. Ency. L. p. 353 and cases cited in note 3 ; also pp. 354–5.

We therefore decide that the Common Pleas Division has jurisdiction of the case before us, and the motion to discharge is denied and the case remitted for sentence.

*William B. Greenough,* for State.

*John W. Hogan and Edward DeV. O'Conner,* for respondent.