244 A.2d 583.

STATE *vs.* ROBERT E. SHERMAN.

JULY 26, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. On September 30, 1965, an indictment was returned charging this defendant with breaking and entering in the nighttime. He thereafter entered a plea of guilty and on June 29, 1966, was sentenced by a justice of the superior court to a term of two years in the adult correctional institutions, execution thereof being suspended with the defendant placed on probation for a period of six years.

It appears from the record that on or about January 9, 1967, defendant was again taken into custody by the police when, it is not disputed, he had broken into and entered a liquor establishment. The record further discloses that on January 13, 1967, a capias issued, and on February 27, 1967, he was brought before the superior court as an alleged violator of the terms of his probation and for revocation of the suspended sentence of two years. The matter was thereafter continued until March 20 in order to permit,

according to the jacket entry, the preparation of a "pre-sentence report."[1]

On April 5, 1967, some 37 days after defendant was first presented to the court, he appeared in open court, his probation was revoked, a motion to revoke the suspension of the sentence that had been imposed was granted, and he was thereafter committed to serve the term of two years at the adult correctional institutions. The defendant in this court is prosecuting only an exception to the action of the superior court granting the motion of the attorney general for a revocation of the suspended sentence.

The defendant in this court argues, as he did in the superior court, that the jurisdiction of that court to revoke probation and to execute a suspended sentence is lost unless there is strict compliance with the provisions of G. L. 1956, §12-19-14. The statute to which he so refers provides generally that when one who has been placed on probation by virtue of the suspension of the execution of his sentence shall be charged with the violation of the terms of his probation, the probation authority shall cause the defendant to be presented to the court for revocation thereof. It makes further provision that when an alleged violator is so presented, "The court may require the probation department to render a written report relative to the conduct of said defendant, and, pending receipt of such report, may order the defendant held without bail for a period not exceeding ten (10) days." The statute then provides that upon receipt of such a report, acting in open court and in

---

[1]The jacket of the case discloses that the clerk entered thereon the phrase "presentence report." It is clear, however, that the reference was not being made to the presentence report contemplated in §12-19-6, as amended, as being prerequisite to the imposition of sentence in the original instance. Rather, the reference is to a report in writing concerning the conduct of the defendant that is to be prepared by the department of probation and parole under the provisions of §12-19-14, this being the statute under which the superior court was proceeding at that time.

the presence of the defendant, the court may revoke the suspension and order the defendant committed on the sentence previously imposed.

That §12-19-14 confers jurisdiction on the superior court to execute a suspended sentence in appropriate circumstances is not disputed by defendant. Rather, the thrust of his argument is that the statutory provision authorizing the court to "* * * order the defendant held without bail for a period not exceeding ten (10) days" is a limitation on the time within which the court may exercise its jurisdiction to order execution of a sentence previously imposed with execution thereof suspended. Arguing that he was held without bail in excess of the prescribed 10-day period, with which claim the state does not agree, defendant contends that the order that the suspended sentence be executed was null and void. However, we cannot agree that the purpose of the provision authorizing the court to deny a defendant bail for the 10-day period was intended by the legislature to limit the right of the court to order execution of the suspended sentence.

It is settled that legislation purporting to limit or to take away part of the jurisdiction of the superior court will not be given that effect absent from the statute some express language so requiring or where such a legislative intent is to be necessarily implied. *State* v. *Drowne*, 20 R. I. 302, 38 Atl. 978. It is clear from an examination of the instant statute that the legislature nowhere therein has in express terms limited the authority of the court to exercise its jurisdiction to execute a suspended sentence in appropriate circumstances. We are persuaded that had the legislature intended to limit so drastically the court's jurisdiction to order execution of a suspended sentence, it would have disclosed that intention in express terms within the framework of the statute. See *In re Perez*, 53 Cal. Rptr. 414, 418 P.2d 6.

It is clear that §12-19-14 was enacted for the purpose of expressly authorizing the police or the probation authority to present to the court one who, being at liberty under a suspended sentence, has violated the terms of his probation. It further gives the court discretion to require the probation department to render a written report relative to the conduct of the defendant upon which his presentation is based and, pending receipt of such a report, confers discretion to order the defendant held without bail for a period of 10 days. In other words, the statute does not require the court to deny bail to such a defendant but grants it discretion to refuse to admit to bail for the prescribed period of 10 days. The statute then goes on to authorize the court, after receipt of the report from the police or the probation department, to revoke the suspension and order the defendant committed on the sentence previously imposed when the defendant is present in open court at such time. There is nothing contained in the statute that would appear to require this court to imply that the legislature intended to restrict the authority of the court to order execution of a suspended sentence for the reason argued by defendant.

We attach significance to the fact that the statute by its terms confers upon the court a discretion with respect to requiring that the report in writing be provided. It is to be further noted that although the statute authorizes the court to deny such a defendant admission to bail for a period of 10 days, it still leaves the court with discretion to admit the defendant to bail during that period. We are compelled to conclude that if the bail provision contained in the statute were intended to limit the jurisdiction of the court to order the execution of a suspended sentence to the 10-day period set out therein, it would have been so phrased as to deprive the court entirely of discretion as to the admission to bail during that 10-day period. It is

obvious, therefore, that if the statute be construed as the defendant urges, then the court could defeat the assumed intention of the legislature to limit its jurisdiction to order execution of a suspended sentence to the 10-day period by admitting the defendant to bail prior to or at the expiration of that period. We cannot attribute to the legislature an intention, in enacting this statute, to reach such an absurd result. This is a well-settled principle of statutory construction. *Travis* v. *Rialto Furniture Co.*, 101 R. I. 45, 220 A.2d 179. In all the circumstances, we are compelled to reject as being without merit the contention of the defendant and to hold that the order to execute the suspended sentence was within the jurisdiction of the court.

The exception of the defendant is overruled, and the case is remitted to the superior court for further proceedings.

*Herbert F. DeSimone,* Attorney General, *Donald P. Ryan,* Assistant Attorney General, for plaintiff.

*James Cardono,* Public Defender, *Eugene F. Toro,* Assistant Public Defender, for defendant.