**Roger Lee BOUYER, Appellant,**

v.

**STATE of Texas, State.**

**No. 2–83–210–CR.**

Court of Appeals of Texas, Fort Worth.

July 27, 1983.

Mark F. Holland, J. Stephen Cooper, Bruder & Cooper, Dallas, for appellant.

Kathi Alyce Drew, Asst. Dist. Atty., Dallas, for State.

Before FENDER, C.J., and JORDAN and ASHWORTH, JJ.

## OPINION

FENDER, Chief Justice.

Appellant, Roger Lee Bouyer, had been convicted on a plea of nolo contendere of rape and sentenced to ten years. He had been granted probation. This probation was revoked in the instant proceeding after the court found that Bouyer had violated its terms and conditions by committing another rape. The court ordered that Bouyer complete his ten year sentence for the prior offense.

We affirm.

Bouyer's sole ground of error asserts that he was denied due process of law because his probation was revoked for the same offense that he was acquitted of previously in another State court without the court reviewing the previous trial testimony to determine whether collateral estoppel applied.

This argument has no merit. The doctrine of collateral estoppel prevents a second prosecution for the same conduct or subject matter. It is inapplicable here because a probation revocation proceeding is not a criminal prosecution. It is a proceeding to determine if the probationer has abided by the terms of his contract with the State. A finding based on the preponderance of the evidence that he has not abided by those terms results only in the commencement of a prison term imposed for a previous offense. *Russell v. State,* 551 S.W.2d 710, 714 (Tex.Cr.App.1977). Acquittal in a criminal prosecution determines that guilt was not proved beyond a reasonable doubt. It is not a finding whether or not the probationer has violated the terms of his probation.

We hold that the trial court properly revoked Bouyer's probation based on the evidence before it and there was no need to review the entire record of an extraneous prosecution.

The judgment is affirmed.