STATE

v.

**Bobby Ray LAWRENCE.**

No. 94–257–CA.

Supreme Court of Rhode Island.

April 27, 1995.

Jeffrey Pine, Atty. Gen., Jodi Gladstone, Sp. Asst. Atty. Gen., Aaron Weisman, Asst. Atty. Gen., for plaintiff.

Richard Casparian, Public Defender, Paula Lynch Hardiman, Paula Rosin, Asst. Public Defenders, for defendant.

## OPINION

MURRAY, Justice.

This case comes before us on an appeal by the defendant Bobby Ray Lawrence (defendant) from a denial of his motion for bail. The defendant asserts that the trial justice erred in denying his motion by failing to

grant bail within the time period specified in G.L.1956 (1981 Reenactment) § 12–19–9, as amended by P.L.1982, ch. 215, § 1. For the reasons set forth below, we affirm the judgment of the trial justice.

On January 25, 1990, defendant was convicted of one count of possession of a controlled substance and one count of possession of a controlled substance with the intent to deliver. As a result, he received a ten year sentence, four years of which were to be served with the remaining six years suspended, but subject to probation. Shortly after his release from incarceration, defendant was apprehended committing the crime of felony shoplifting at the K–Mart department store in Cranston on January 6, 1994. On January 11, 1994, defendant was presented in court as a violator of the terms and conditions of his previously imposed probation. At this time, defendant was referred to the public defender's office to enable him to obtain counsel. Additionally, defendant was held without bail pending his probation-revocation hearing, which was now rescheduled to January 25, 1994. On January 20, 1994, the public defender's office entered an appearance on behalf of defendant.

On January 25, 1994, defendant appeared in court and was offered a plea recommendation by the prosecutor. In response, defendant asked for time to consider the offer. As a result of defendant's request, the trial justice continued the hearing to February 8, 1994. On the 8th of February, the hearing was again continued. The record is not clear what necessitated this continuance. The defendant contends court was closed on account of a snowstorm. The state agrees that court was eventually cancelled at 12:30 p.m. due to a snowstorm. However, the state avers that the matter was ultimately continued because defendant was still considering the plea recommendation and, as such, the state was not required by the trial justice to have their witnesses available when the matter was supposedly scheduled to resume on the 11th of February.

On February 11 both defendant and the state contend that court was cancelled. The state avers that court was eventually closed either because of a judges' conference or a snowstorm. However, the record is devoid of any notation concerning a court cancellation due to either a judges' conference or a snowstorm on this date. In fact, the criminal case action report signed by the trial justice and dated February 8, 1994, contains a single notation that the matter was continued to February 23, 1994 for a probation-revocation hearing.

Because the record contains no reference of any action taking place with respect to the matter between the 8th and 23rd of February, defendant's next contact with the court is again a matter of some dispute. The defendant contends that as a result of being omitted from the habeas corpus list on February 14 he was not transported to court. In contrast, the state avers that on February 15 the case was continued to February 23, this time with witnesses, so that the matter could proceed to hearing. Again, the only notation contained in the record is on the criminal case action report dated February 8, 1994, noting that the matter was continued to the 23rd of February for a probation-revocation hearing.

The matter finally came before a trial justice on February 23 with the state ready to proceed with the hearing. However, the matter was again postponed to March 2 because defense counsel was out sick. On March 2 the matter was continued to March 9 due to defense counsel's unavailability. On March 9 the hearing was once again continued to March 14 because defense counsel was on trial in another court. On March 14 the matter was continued yet again to March 18. The record reveals that this continuance was granted at the behest of defendant who wanted still more time to consider the plea recommendation made by the state.

On March 18 the matter was apparently reassigned to the 21st of March with no explanation for the continuance appearing in the record. Additionally, there is no record of what transpired on March 21. Both defendant and the state agree that defendant finally rejected the state's plea recommendation on March 21. However, defendant contends that the state failed to produce its witnesses on this date necessitating a continuance to March 23. The defendant also as-

serts that the trial justice denied his motion for bail on the 21st. On March 23, following a hearing, defendant was adjudged to have violated the terms and conditions of his probation. As a result, the trial justice executed defendant's previously imposed six-year suspended sentence, requiring defendant to serve three of those years with the remaining three years suspended, but subject to probation.[1]

The defendant now contends on appeal that his right to due process of law under the Fourteenth Amendment to the United States Constitution was violated when he was held without bail pending a violation hearing in excess of the ten day limit prescribed in § 12–19–9.[2]

Specifically, defendant avers that most of the continuances and delays that occurred in the two month period preceding his probation-revocation hearing were due to circumstances beyond his control. As such, he asserts that the only remedy for a transgression of § 12–19–9 is to vacate the adjudication of violation below.[3]

■ It is well established that "a probation-revocation hearing is not part of the criminal-prosecution process and thus is not entitled to the full panoply of due-process rights." *In re Lamarine*, 527 A.2d 1133, 1135 (R.I.1987); *See State v. Desrosiers*, 559 A.2d 641, 643 (R.I.1989) ("process due for probation-revocation hearings is less formal than the full panoply of rights afforded at a criminal trial"); Superior Court Rule of Criminal Procedure 32(f). In fact, since a probationer has already been convicted on the underlying offense, he or she is dispossessed of the presumption of innocence afforded a criminal defendant awaiting the disposition of criminal charges. *Cf. Mello v. Superior Court*, 117 R.I. 578, 585, 370 A.2d 1262, 1266 (1977) (prior to conviction on pending charges, presumption of innocence continues to attach while defendant awaits bail revocation hearing). As such probation has aptly been described as a "species of grace," that along with its revocation, largely rests within the discretion of the trial court. *Harris v. Langlois*, 98 R.I. 387, 391–92, 202 A.2d 288, 291 (1964).

■ However, due process does require that the probationer be afforded some limited protections. *See Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) (adopting the due process requirements for a parole revocation set forth in *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972)). In Rhode Island these minimal constitutional standards are satisfied by the probation-revocation hearing required by Rule 32(f) as interpreted by our caselaw. *See Desrosiers*, 559 A.2d at 643; *State v. Bourdeau*, 448 A.2d 1247, 1248–49 (R.I.1982); *State v. Franco*, 437 A.2d 1362, 1364 (R.I.1981). It is with this background firmly in mind that we now turn to interpret § 12–19–9.

1. Much of the confusion as to what exactly transpired and when it transpired between March 18 and March 23, 1994, arises from the fact that a criminal case action report dated March 18, 1994 and signed by the trial justice indicates that defendant's probation-revocation hearing was held on the 18th of March and at that time *defendant was adjudged a violator* of his probation. The report also indicates that defendant's previously suspended sentence was executed on this date. However, the transcript of the probation-revocation hearing is dated March 23, 1994. Finally, there is no indication in the record, other than the transcript, of any pertinent action being taken with respect to the matter after the 18th of March.

2. The defendant contends that being held without bail for a period exceeding ten days violated G.L.1956 (1981 Reenactment) § 12–19–14, as amended by P.L.1982, ch. 215, § 1. However, § 12–19–14 applies only to defendants sentenced on the underlying offense in the District Court.

Public Laws 1994, ch. 134, § 1's revision of § 12–19–14 has simply made this application more obvious. In the instant case, defendant received his suspended sentence from the Superior Court. Therefore, § 12–19–9, as amended by P.L.1982, ch. 215, § 1 rather than § 12–19–14, is applicable and as such our analysis will address this section.

3. Section 12–19–9 states in pertinent part:

"Whenever any person, who shall have been placed on probation as aforesaid shall violate the terms and conditions of his probation as fixed by the court, the police or the probation authority shall inform the attorney general of such violation, and said attorney general shall cause the defendant to appear before the court. The court * * * may order the defendant held without bail for a period not exceeding ten (10) days excluding Saturdays, Sundays and holidays."

As we have often stated, in determining questions of statutory construction this court has an obligation to ascertain the Legislature's intent. *State v. Benoit,* 650 A.2d 1230, 1232 (R.I.1994); *State v. Kane,* 625 A.2d 1361, 1363 (R.I.1993); *Gilbane Co. v. Poulas,* 576 A.2d 1195, 1196 (R.I.1990). Where, as here, the statute is clear and unambiguous on its face, the Legislature's intent is gleaned from the plain and literal language contained therein. *Benoit,* 650 A.2d at 1232; *Providence Journal Co. v. Sundlun,* 616 A.2d 1131, 1135 (R.I.1992). With these statutory precepts as guides, we are of the opinion that § 12–19–9 is quite clear in mandating that a defendant may be held without bail pending a probation-revocation hearing "for a period not exceeding ten (10) days excluding Saturdays, Sundays and holidays."

However, this is not the end of our inquiry. For a defendant can not simply seek to continue his or her probation-revocation hearing beyond ten days and then suddenly turn around and claim that § 12–19–9 has been violated. As we have often stated in interpreting various statutes, this court will not attribute to the Legislature an intent that leads to such an absurd or unreasonable result. *State v. McDonald,* 602 A.2d 923, 926 (R.I.1992); *Trembley v. City of Central Falls,* 480 A.2d 1359, 1363 (R.I.1984); *Dunne Leases Cars & Trucks, Inc. v. Kenworth Truck Co.,* 466 A.2d 1153, 1156 (R.I.1983).

Thus, our interpretation of § 12–19–9 must ultimately turn on the nature and extent of a criminal defendant's conduct in contributing to the delay and conversely, those continuances attributable to the state. We note that this type of inquiry is not new as this court has consistently eschewed blind adherence to specific time periods in the criminal context, especially where the defendant's conduct heavily contributed to that period's expiration. *See, eg., State v. Grundy,* 582 A.2d 1166, 1169 (R.I.1990) (finding no violation of a defendant's right to a speedy trial despite delay due to court congestion and the state's inability to procure witnesses as the defendant himself had requested and received over nine continuances); *Mello,* 117 R.I. at 586, 370 A.2d at 1266 (while resisting to formulate "neat schedule" of minimum and maximum time frame within which a defendant's bail-revocation hearing must be held, court stated two week delay in the absence of defendant's consent is not to be countenanced; however time period must allow for variations according to circumstances); *State v. Sherman,* 104 R.I. 383, 387, 244 A.2d 583, 584–85 (1968) (rejecting defendant's mechanical argument that § 12–19–9's grant of discretion to trial justice to "order the defendant held without bail for a period not exceeding (10) ten days" dispossesses the justice of any jurisdiction to execute a prior suspended sentence after the ten day period elapses).

Turning to the instant case, we note that at least five continuances were either made at the specific behest of defendant or can be properly attributed to him. On January 25, 1994 defendant sought and received a continuance to enable him to consider the state's plea offer. On February 23, 1994 the matter was continued on account of defense counsel being out sick. On March 2, 1994 the hearing was continued yet again due to defense counsel's unavailability.

On March 9 the matter was again continued because defense counsel was on trial for another case. *See Cochrane v. Laurie,* 118 R.I. 903, 905, 371 A.2d 605, 607 (1977) (defendant willing to wait in jail while defense counsel "completed his chores in a prolonged criminal proceeding"). Finally, on March 14 after numerous delays attributable to both the state and defendant himself, defendant requested and received yet another continuance to enable him to continue to consider the state's plea offer. When defendant finally rejected the plea recommendation on March 21 and requested and was denied bail on that same date, the matter was passed for a violation hearing two days later. On March 23 the probation-revocation hearing was conducted and defendant was ultimately adjudged to be in violation of the terms and conditions of his probation.

In analyzing the nature and extent of defendant's conduct in contributing to the delay, we note that the initial continuance extending the matter beyond the ten day period prescribed in § 12–19–9 was granted at defendant's request and for his direct benefit

so as to enable him to consider the plea offer made by the prosecutor. Although defendant goes to great lengths to complain of events occurring between February 8, 1994 and February 23, 1994, the only notation in the record concerning this period is on a February 8 criminal case action report noting that the matter was passed for a probation-revocation hearing on February 23rd. Even after the delays during this period, all of which are alleged by defendant to be properly attributable to the state, the record indicates that defendant's counsel was the cause for the next three continuances. Following these three continuances, which put the length of defendant's incarceration at about two months, it was defendant who sought and received yet another continuance on March 14, 1994 because he was still considering the state's plea recommendation made nearly two months earlier. When defendant finally rejected the plea offer on the 21st of March the hearing was held two days later. In fact, it appears that the only time defendant even requested bail was on the 21st of March.

As we stated in the context of a speedy trial inquiry nearly thirty years ago, " '[i]t would seem that appellant is not entitled to blow both hot and cold—to seek dismissal based upon delay * * * while at the same time, requesting and insisting upon further continuance or postponement.' " *Ramsdell v. Langlois,* 100 R.I. 468, 473, 217 A.2d 83, 86 (1966). Therefore, we are of the opinion that given the nature and extent of defendant's conduct in contributing to the delay, defendant can not now complain that bail was withheld following the expiration of the ten day period prescribed in § 12–19–9. However, we note that in the absence of such extensive conduct resulting in delay and attributable to the defendant, § 12–19–9 directs that bail be granted or a hearing held within ten days.

Additionally, in an effort to aid this court on review, we feel compelled to remind the trial justices below that it is their responsibility to make specific, if not detailed, notations in the record as to why a particular matter is being continued along with any pertinent conditions the trial justice has

placed on either party. Likewise, it is incumbent upon counsel to make certain that the reasons for any continuances are specifically noted in the record at the time the matter is continued. Finally, if in fact court is closed due to inclement weather or a judges' conference or any other reason, a notation to that effect should be included in the record shortly thereafter.

Consequently, for the reasons stated above the defendant's appeal is denied and dismissed, and the judgment appealed from is affirmed. The papers of the case are remanded to the Superior Court.