STATE

v.

Mattie SMITH.

No. 98–200–C.A.

Supreme Court of Rhode Island.

Nov. 24, 1998.

Aaron L. Weisman, Providence, for plaintiff.

Robert S. Ciresi, N. Providence, for defendant.

Present: WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

The defendant, Mattie Smith, appeals from a Superior Court adjudication that she violated the conditions of her probation. The hearing justice ordered the defendant to serve eight months of a previously imposed sentence, with twenty-three months suspended. The defendant was on probation for a previous conviction when the state charged her with assault with a dangerous weapon and assault resulting in serious bodily injury. The charges arose from an altercation between the defendant and another woman. We directed the parties to show cause why we should not decide the issues raised by this appeal summarily. None having been shown, we proceed to deny the appeal at this time.

On June 9, 1997, the state filed and served defendant with a statement pursuant to Rule 32(f) of the Superior Court Rules of Criminal Procedure notifying her of the state's intention to present her as a probation violator in the Superior Court. The parties agreed to continue the violation hearing until after defendant's trial on the underlying criminal charges. A trial on the criminal charges commenced before a jury that found defendant not guilty.

Within a week of the not-guilty verdict, a Rule 32(f) violation hearing convened before the same trial justice who presided at the criminal trial. At the hearing, the state relied on the evidence adduced at the criminal trial, and defendant did not present any testimony. Her attorney, however, argued that based upon the evidence presented at the criminal trial, insufficient evidence existed to adjudge defendant to be a probation violator. Nevertheless, defendant's counsel conceded that despite the acquittal, the trial justice still could find defendant to be a probation violator. The trial justice reviewed the evidence and concluded that

defendant had violated the terms and conditions of her probation. The defendant appeals from this judgment.

The defendant claims that the trial justice erred in finding that she had violated her probation after a jury acquitted her of the same underlying criminal charges. Relying upon *State v. Chase*, 588 A.2d 120 (R.I.1991), defendant contends that the prior acquittal collaterally estopped the trial justice from revoking her probation. In *Chase*, this Court held that a finding of nonviolation at a probation-revocation hearing collaterally estopped the state from relitigating the issue of the defendant's guilt or innocence during a later criminal proceeding. *Id.; see also State v. Wiggs*, 635 A.2d 272 (R.I.1993). However, we also stated:

"[A]n acquittal at trial would not automatically preclude a subsequent revocation proceeding because of the different burdens of proof required by each." *Chase*, 588 A.2d at 123–24; *see State v. Studman*, 121 R.I. 766, 767, 402 A.2d 1185, 1186 (1979).

We conclude that defendant's reliance on *Chase* is misplaced. It is well established that "[a] probation-revocation hearing 'is not a prosecution but is civil in nature.'" *State v. Hie*, 688 A.2d 283, 284 (R.I.1996) (quoting *State v. Pinney*, 672 A.2d 870, 871 (R.I. 1996)). The sole purpose of the civil-violation hearing is to determine whether a defendant has breached any of the conditions of his or her probation. *See id.*

A similar issue arose in a Maryland case, *Gibson v. State*, 328 Md. 687, 616 A.2d 877 (Md.1992). The defendant there, Michael Gibson, while on probation, was charged with possession of cocaine with intent to distribute and possession of cocaine and marijuana. A jury acquitted him of those charges following a criminal trial. Thereafter, a probation-revocation hearing convened at which the inculpatory evidence "essentially mirrored that presented at the criminal trial." *Id.* at 880. At the conclusion of the hearing, the court found that the defendant had violated his probation. On appeal, the defendant challenged the probation-revocation on the grounds of collateral estoppel. He argued that his acquittal of drug charges at the criminal trial precluded a subsequent revoca-

tion of his probation. The Maryland Court of Appeals held that it did not. The court reasoned that the distinction between the standards of proof governing a criminal trial and a probation hearing "is fundamental, and dispositive, in this case." *Id.* at 881. The court stated:

"A verdict of not-guilty is hardly tantamount to a finding that no wrong was done. Gibson's acquittal does not necessarily prove his innocence; rather it reflects the State's inability to prove its case beyond a reasonable doubt. * * * Simply because the jury did not assess the evidence to be certain enough or compelling enough to convict Gibson of felonies, it does not follow that the State failed to assemble evidence sufficient to persuade the court that illegal acts probably occurred." *Id.*

The *Gibson* court recognized that its decision was consistent with the view taken by a majority of state appellate courts.

"The United States Supreme Court has held that an acquittal in a criminal case does not preclude the government from relitigating an issue when it is presented in a subsequent action governed by a lower standard of proof. [*U.S. v.*] *One Assortment of 89 Firearms, supra*, 465 U.S. [354] at 361–362, 104 S.Ct. [1099] at 1104 [79 L.Ed.2d 361 (1984)] (civil *in rem* forfeiture proceeding after acquittal); *One Lot Emerald Cut Stones v. United States*, 409 U.S. 232, 235, 93 S.Ct. 489, 492, 34 L.Ed.2d 438 (1972) (same); *see Dowling [v. U.S.], supra*, 493 U.S. [342] at 349–350, 110 S.Ct. [668] at 672–673 [107 L.Ed.2d 708 (1990)]. A decisive majority of the state appellate courts called upon to answer this question have held that acquittal in a criminal trial does not collaterally estop revocation of probation based on the same offense. *See Avery v. State*, 616 P.2d 872 (Alaska 1980); *State v. Jameson*, 112 Ariz. 315, 541 P.2d 912 (1975); *In re Coughlin*, 16 Cal.3d 52, 127 Cal.Rptr. 337, 545 P.2d 249 (1976); *Russ v. State*, 313 So.2d 758 (Fla.1975); *Johnson v. State*, 142 Ga.App. 124, 235 S.E.2d 550 (1977); *Culley v. State*, 179 Ind.App. 345, 385 N.E.2d 486 (1979); *People v. McEntyre*, 127 Mich.App. 731, 339

N.W.2d 538 (1983); *State ex rel. Cooper v. Hutcherson*, 684 S.W.2d 857 (Mo.App. 1984); *Brown v. State*, 740 P.2d 164 (Okla. Crim.App.1987); *State v. Fortier*, 20 Or. App. 613, 533 P.2d 187 (1975); *State v. Delp*, 614 S.W.2d 395 (Tenn.Crim.App. 1980); *Bouyer v. State*, 655 S.W.2d 355 (Tex.App. 2 Dist.1983); *State v. Cyganowski*, 21 Wash.App. 119, 584 P.2d 426 (1978). *See also* Wade R. Habeeb, Annotation, *Acquittal in Criminal Proceeding as Precluding Revocation of Probation on Same Charge*, 76 A.L.R.3d 564 (1977)." *Gibson*, 616 A.2d at 882.

As in *Gibson*, the hearing justice in this case also recognized that the standard of proof in a probation-violation proceeding is lower than in a criminal trial: namely, reasonably satisfactory evidence instead of proof beyond a reasonable doubt. Here, the hearing justice stated:

"I'm well satisfied that the defendant, Mattie Smith, assaulted Gina DePina with a dangerous weapon, namely her key ring, which contained a number of keys and whatever else may have been attached to it. And, I am well satisfied that this assault left Gina DePina with serious permanent injury and disfigured her. The fact that the jury may have arrived at a contrary conclusion does not in any way bind me in a violation hearing. The jury verdict does not proclaim the defendant innocent; rather, the verdict simply that says [*sic*] the State's case did not surmount the high standard of reasonable doubt for the proof of guilt. This is not the standard by which to measure the defendant's culpability in the context of a Rule 32(f) violation. That test is reasonable satisfaction. I'm more than a[*sic*] reasonably satisfied that the State's evidence passes the lesser test."

The hearing justice evaluated defendant's testimony and the victim's testimony and found that defendant's testimony lacked credibility. We have often stated that the weighing of evidence and assessment of the witnesses' credibility in a violation hearing are the functions of the trial justice. *See, e.g., State v. Bourdeau*, 448 A.2d 1247, 1249 (R.I.1982). Furthermore, the trial justice "has broad discretion to revoke or continue probation as long as the exercise of that discretion is not arbitrary or capricious." *Chase*, 588 A.2d at 123; *see Studman*, 121 R.I. at 767, 402 A.2d at 1186.

In this matter, the trial justice weighed the evidence that was presented to him. He evaluated the testimony of the various witnesses, and chose to reject the defendant's testimony and that of her witnesses and to accept the victim's testimony. The trial justice was "reasonably satisfied" that the defendant had violated the terms and conditions of her probation. This determination was within the trial justice's sound discretion, and it was supported by the evidence before him.

Based upon the foregoing, we deny and dismiss the defendant's appeal, and affirm the judgment.