DECISION
The matter before the Court is the Defendant's motion to set bail made in accordance with G.L. 1956 § 12-13-6.
 I Facts and Travel
On February 8, 2008, Defendant was arrested by the Burrillville Police Department and charged with a number of counts including felony domestic assault, simple assault, and sexual assault. The Defendant was accused of forcibly holding and abusing his adult roommate, who was developmentally delayed, over a two-month period. At the time of the arraignment, Defendant was being held without bail on these new charges pursuant to Article I, section IX of the Rhode Island Constitution.[1]
Additionally, the Defendant was presented with a Rule 32(f) probation violation (P2/2006-0341A); Defendant had received a one year filing on that earlier case. Because of his probation violation, the new charges were moved to Superior Court pursuant to Rule 5A of the District Court Rules of Criminal Procedure and became miscellaneous petition PM/2008-0837. *Page 2 
Joseph Dwyer, from the Public Defender's office, entered his appearance on behalf of the Defendant on February 20, 2008. The case was reassigned on February 22 and 29, 2008, due to Defense counsel's unavailability. On March 11, 2008, the cases were reassigned due to the prosecutor's unavailability. On March 19 and 20, 2008, a violation/bail hearing was conducted before a justice of the Superior Court. At the conclusion of the hearing, the judge found that the elements of Article I, section IX were satisfied. After examining the Defendant's record before him, the judge ordered the Defendant held without bail because he believed the Defendant posed a significant danger to the community. The Court also found that the State had presented enough evidence to establish that the Defendant did not keep the peace and be of good behavior and converted the filing into one year to serve at the Adult Correctional Institution (ACI), effective retroactive to February 8, 2008.
At the close of the hearing, counsel for the State inquired of Mr. Dwyer whether Defendant would be interested in waiving indictment of the new charges. Mr. Dwyer indicated he was willing to consider this proposal; however, he was concerned with the mental competency of his client and his ability to assist in his own defense. Attorney Dwyer asked that the Court order a competency examination and continue the case until April 24, 2008. The day after the hearing, Defendant attempted to commit suicide and was thereafter closely monitored by ACI officials. On May 15, 2008, the competency report was complete and furnished to both parties. Counsel for the State again inquired as to whether Defendant was willing to waive the indictment on the new charge in exchange for a reduced sentence. Mr. Dwyer indicated that he was willing to explore this option but needed to speak with his client and also had lingering concerns regarding his client's mental competency. *Page 3 
In July of 2008, counsel for Defendant indicated to the State that there was a potential for a pre-indictment disposition. In late August, the State and Defense counsel discussed resolving the case pre-indictment but were unsuccessful in coming to an agreement.
On August 25, 2008, Defendant, by his new counsel, Mr. DiMaio, filed a motion to set bail in District Court, with a copy sent to the Attorney General's office (AG). On September 4, 2008, the District Court informed counsel for the State that Attorney DiMaio had filed a motion to set bail on the pending District Court complaint. The motion and Mr. DiMaio's entry of appearance had both been sent to the District Court Unit of the AG's office and not to the assigned prosecutor. The issue was passed and to the State's understanding, the issue of bail was passed as well.
On September 11, 2008, counsel for the State and Attorney DiMaio conferenced with the Court on the motion to set bail. At that time, the State relayed the travel of the case, and Attorney DiMaio asked the Court for a continuance to confirm this information. On that day, it was agreed that the Defendant was not interested in waiving the indictment, and the State indicated it would present the case as soon as possible. The case was scheduled for Grand Jury presentation in early October but had to be rescheduled as necessary witnesses were not available. The complaining witness, for instance, had medical issues that prevented his attendance. The next available date was November 12, 2008.
On October 14, 2008, the bail hearing was reassigned due to defense counsel's unavailability. On October 29, the State was unavailable for a conference, and the motion was continued to November 19, 2008.
Due to a trial that the State was involved with, the State was unavailable for the Grand Jury presentation, and that was continued to November 18, 2008. On November 19, 2008, *Page 4 
defense and State's counsel met with this Court to discuss the motion to set bail, and the Defendant informed the State that regardless of whether the State could produce an indictment, the Defendant intended to proceed with his motion requesting the Defendant be bailed or released due to the alleged violation of § 12-13-6. The Court requested memoranda from the parties addressing the merits of the motion.
On November 25, 2008, the Grand Jury returned an official report to the Court indicating a twenty-two (22) count indictment against Defendant. These counts included charges of first degree sexual assault, felony assault, and kidnapping. The arraignment was set for December 17, 2008. On December 2, 2008, the Defendant was arraigned on the indictment, and the matter was rescheduled until December 5, 2008, for a conference on Defendant's motion to set bail.
On May 8, 2009, the motion to set bail was scheduled for hearing; however, the Defendant, through no fault of his own, was not present. The hearing was rescheduled for May 15, 2009. This Court heard oral arguments by both parties on May 15, 2009.
 II Standard of Review
This Court must review § 12-13-6 to determine the meaning of the statute and intent of the legislature. When reviewing a statute, the reviewing court will look to the plain meaning of the statute to establish and effectuate the intent of the legislature. Lake v.State, 507 A.2d 1349, 1351 (R.I. 1984). Absent any contrary intent, the words of the statute must be given their plain and ordinary meaning.Id. at 1351. However, "this court will not attribute to the Legislature an intent that leads to such an absurd or unreasonable result."State v. Lawrence, 658 A.2d 890, 893 (R.I. 1995) (citing State v.McDonald, 602 A.2d 923, 926 (R.I. 1992)). *Page 5 
 III Analysis
Counsel for Defendant has argued that the Defendant has been held without bail for well over the six-month statutory period allowed under § 12-13-6. This statute states in full: "Every person who shall be imprisoned upon suspicion of having committed an offense for which bail may be denied pursuant to the provisions of R.I. Const., Art. I, Sec IX shall be bailed or discharged if not indicted or charged by information within six (6) months after commitment." Counsel for the Defendant has argued that the word "shall" in the statute is mandatory. Consequently, he argues the Defendant must be bailed or discharged because he was not indicted or arraigned within the six months as required by the statute.
The State's attorney has argued that "shall" is not always mandatory and in some instances, such as bail hearings, the language is directory. As she contends, there is no law on § 12-13-6, she has equated § 12-13-7
as most akin to § 12-13-6. Counsel for the State argued that the Rhode Island case law has not used "shall" in § 12-13-7 as mandatory. The State's counsel also used G.L. 1956 § 12-19-9, the statute for a probation violation, as an example of when courts use "shall" as directory rather than mandatory. She referred this Court toLawrence, 658 A.2d 890, where our Supreme Court stated its interpretation of the statute must ultimately rely upon the nature and extent of the defendant's conduct in contributing to the delay of a time deadline.
This Court must first interpret § 12-13-6 and glean what the legislative intent was when creating this statute. When a defendant is arrested in Rhode Island and held without bail prior to indictment or arraignment, the defendant is placed in a strange limbo. The speedy trial rights of § 12-13-7 do not attach until the time the defendant is arraigned or indicted. See section 12-13-7. *Page 6 
Thus, the defendant is left with no remedy to speed the trial process along. Therefore, this Court finds the legislature created § 12-13-6 to provide a mechanism to prevent a defendant from indefinite incarceration without bail prior to an indictment or arraignment. This Court finds this particular statute clear on its face in mandating that a defendant must be released or bailed after being held for six months without an arraignment or indictment. However, this Court will not allow for the statute to mean that the defendant must be released or bailed regardless of defendant's or the State's actions. This Court will not attribute to the legislature an intent that will lead to an absurd or unreasonable result. Lawrence, 658 A.2d at 893.
In Rhode Island, the Supreme Court has consistently held that certain statutory time limitations are directory rather than mandatory. SeeLawrence, 658 A.2d 890; See also In re: Doe, 440 A.2d 712 (R.I. 1982). In Lawrence, the defendant was held without bail well past the statutory 10-day limit. The court in that case took into account that the case had been continued partly due to the defendant's actions. The case had been continued at least twice at the defendant's request to consider a plea deal he had been offered. The Lawrence Court refused to allow the defendant to continue a case while simultaneously filing for a violation of the ten-day limit.
Although the case before this Court concerns a different statute, this Court finds some of the facts analogous. This Court is satisfied by the evidence introduced that defense counsel Dwyer represented to the State that he was willing to consider a plea agreement with the State.[2]
The State continuously asserts that the only reason it did not move forward and bring the charges before a Grand Jury was that the State and Attorney Dwyer agreed not to move forward while he *Page 7 
discussed the plea agreement with his client. This Court finds that the State must be allowed to reasonably rely upon the assertions of defense counsel made on behalf of his client. See State v. Austin, 462 A.2d 359
(R.I. 1983). Because the State reasonably relied on the assertions of defense counsel at the time the assertions were made, it would be unfair to strictly construe the six-month limit contained in § 12-13-6.
Attorney DiMaio next argued that once he moved for the bail hearing, the State still took an unreasonably long time to arraign the Defendant. In late August, Attorney DiMaio became counsel for the Defendant. He very quickly moved for a bail hearing due to the fact that Defendant had been held without bail for over six months. The Defendant argues that he filed his motion in District Court on August 25, 2008, and sent a copy to the Attorney General's office on that same day. Counsel for the State argues she was not made personally aware that the Defendant was not interested in a plea agreement until September 4, 2008, when she received a phone call from District Court. She further argues that from the time she was made aware that the Defendant was no longer interested in a plea agreement, she did not unreasonably delay in scheduling and pursuing the indictment and arraignment.
This Court finds that even if it relies on the longer timeline — from August 25, 2008 to December 2, 2008 — this amount of time was not an unreasonable delay. This time period was shortly over three months, a time period that was much less than the six-month limit in § 12-13-6. When examining whether there was an unreasonable delay in the speedy trial context, courts do not just look to the amount of time but also the circumstances of the delay. See State v. Long, 488 A.2d 427, 436
(R.I. 1985) (over one year without trial was not an unreasonable delay due to the actions of the defendant); see also State v. Roddy,401 A.2d 23, 30-32 (R.I. 1979) (The court found that 34 month delay was not a violation of speedy trial when taken into account the *Page 8 
purposeful acts of the defendants that contributed to the delay. Even though the State also contributed to the delay, its actions were not purposeful but more a matter of scheduling.). The particular three-month period in which it took counsel for the State time to prepare a charge, submit that charge to the Grand Jury, receive an official record by the Grand Jury on the 22 counts against Defendant, and subsequently arraign the Defendant on the 22 counts is not, in the opinion of this Court, an unreasonable delay given the specific context and circumstances of this case. This Court does not find that the Defendant was prejudiced by this three-month delay or by the time the Defendant has been held without bail between his violation hearing and his arraignment.[3]
This Court further relies on the fact that when the Defendant was brought before the Superior Court for a violation hearing, that judge determined that the Defendant was a danger to society and required he be held without bail. This Court has no reason to doubt the determination made by the prior justice in regard to the danger this Defendant poses to society. This Court will not bail defendant or release him under § 12-13-6. Finally, this Court is concerned that Defendant presents a danger to himself.
 IV Conclusion
Based on the aforementioned reasons, this Court does not find a violation of § 12-13-6 and will not bail or release the Defendant based on that statute. Counsel is directed to prepare and submit an order consistent with this opinion.
[1] "All persons imprisoned ought to be bailed by sufficient surety, unless for offenses punishable by imprisonment for life, or for offenses involving the use or threat of use of a dangerous weapon by one already convicted of such offense or already convicted of an offense punishable by imprisonment for life. . . . Nothing in this section shall be construed to confer a right to bail, pending appeal of a conviction."
[2] Defendant claims he was not aware of any plea negotiations made by his former attorney and further that he expressed he never wanted to make a plea deal. Regardless of whether these allegations are true, this Court refuses to penalize the State for reasonably relying on the assertions made by Attorney Dwyer that his client was interested in the possibility of a plea agreement.
[3] The defense also claimed that Defendant is prejudiced by the delay in arraignment against Defendant. However, the defense provided no concrete evidence as to any type of prejudice against the Defendant besides a mere mention in a brief that one of the witnesses who would have testified will not now testify. The Court was not informed as to who this witness was, what he intended to testify to, why he was unavailable now, and if he truly was available earlier. *Page 1