STATE

v.

Amos ROBINSON.

No. 2000–254–C.A.

Supreme Court of Rhode Island.

Dec. 18, 2001.

Janice M. Weisfeld, Paula Rosin, Providence.

Virginia M. McGinn, Aaron Weisman, Providence.

## O R D E R

The defendant, Amos Robinson, appealed an adjudication of violation of his probation. He argued that evidence contained in a rape kit that was introduced at the violation hearing failed to satisfy the foundational requirements of the business records exception to the hearsay rule, Rule 803(6) of the Rhode Island Rules of Evidence, and thereby deprived him of his due process rights. The case came before this Court for oral argument on December 5, 2001, pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided. After considering the oral arguments of the parties and after reviewing the record and the memoranda of the parties, we conclude that cause has not been shown, and we summarily affirm the judgment.

A probation violation "need only be established by reasonably satisfactory evidence." *State v. Kennedy*, 702 A.2d 28, 31 (R.I.1997). "[A] showing that the defendant has failed to keep the peace and to remain on good behavior is sufficient to establish a probation violation." *State v.*

*Gautier*, 774 A.2d 882, 887 (R.I.2001). In this case, reasonably satisfactory evidence that defendant had perpetrated a kidnapping and sexual assault was supplied by the victim's testimony and by the evidence in some of the rape kit samples to which defendant did not object. Among other reasonably satisfactory evidence the hearing justice considered was testimony of defendant's drug use and testimony by neighbors that defendant asked one of them to lie to the police about his whereabouts. The defendant himself testified that he was driving without a valid license. Thus, the evidence amply supported the finding of probation violation on numerous grounds, even without the contested portions of the rape kit.[1] *See State v. Tatro*, 659 A.2d 106, 113 (R.I.1995) (holding that, despite admission of hearsay evidence, nonhearsay evidence was sufficient to satisfy "reasonably satisfactory" standard).

Consequently, the hearing justice did not act arbitrarily or capriciously in finding by reasonably satisfactory evidence that the defendant had violated the conditions of his probation. *See Kennedy*, 702 A.2d at 31. Accordingly, we deny and dismiss the defendant's appeal, affirm the adjudication of violation, and return the papers of this case to the Superior Court.

---

1. On October 15, 2001, defendant pleaded *nolo contendere* to the first degree sexual assault charge that triggered the probation violation proceedings.