STATE

v.

**Joseph PENA.**

**No. 2000–366–C.A.**

Supreme Court of Rhode Island.

Feb. 8, 2002.

Paula Lynch Hardiman, Paula Rosin, Providence.

Aaron L. Weisman, Pamela E. Chin, Providence.

**O R D E R**

The defendant, Joseph Pena, has appealed a Superior Court judgment of violation of probation after he was charged with third-degree sexual assault. The defendant argued on appeal that the hearing justice erred in finding that defendant's witness was not qualified as an expert on the subject of sexually transmitted diseases. The case came before the Supreme Court for oral argument on January 30, 2002, pursuant to an order directing the parties to show cause why the issues raised should not be summarily decided. Having considered the record, the parties' memoranda, and the oral arguments of counsel, we hold that cause has not been shown, and we affirm the judgment of the Superior Court.

At the violation hearing, a girl fourteen years of age, whom we shall refer to as "Sally," testified that she had had sexual relations with defendant a number of times between June or July 1999 and September 9, 1999, and that she had never had sexual relations with anyone other than defendant until that time. On September 12, 1999, Sally was examined at Newport Hospital by emergency room physician Richard Altreuter, M.D. (Dr. Altreuter), who ascertained that she was infected with chlamy-

dia, a bacterium usually transmitted by sexual intercourse.

Nakil Hawkins (Hawkins), defendant's sister, also testified that defendant had had a relationship with Sally. Significantly, defendant sent Hawkins two letters prior to her court appearance, "pressuring" her to testify that he had never slept with Sally, that Sally was lying, and that Sally was not a virgin. The defendant testified that the purpose of his letters to Hawkins was to convince her not to succumb to pressure from Sally's mother and not to lie in court. He also stated that he never had sexual intercourse with Sally and never had chlamydia, nor was ever treated for it. Medical records submitted into evidence showed that defendant had been tested for chlamydia on November 8, 1999, and the result was negative.

Dr. Altreuter testified that defendant may have tested negative either because he had been treated for chlamydia after his contact with Sally, because he never had it, or because his test was a false negative. He was unable, however, to opine whether a carrier could have an undetectable level of infection or to answer the hearing justice's question, "[C]an chlamydia be recidivated through other than antibiotic treatment?"

The hearing justice found Sally's version of events credible but found that defendant was not trustworthy, and she disregarded his statements about never having had chlamydia and never having been treated for it. She found that Dr. Altreuter was not an expert in the field of sexually transmitted diseases and concluded that his testimony was inconclusive in determining whether defendant could not have been a carrier of chlamydia or whether he had had sexual relations with Sally. She also found that defendant's letters were "absolutely disgraceful" and that they indicated that he was trying to pressure his sister to lie in court. As a result of these findings, the hearing justice ruled that defendant had violated the terms of his probation by engaging in sexual acts with someone fourteen years of age. The defendant appealed, arguing that the hearing justice committed reversible error in finding that Dr. Altreuter was not qualified as an expert on sexually transmitted diseases.

In reviewing an adjudication of violation of probation, only reasonably satisfactory evidence is required, not proof beyond a reasonable doubt as is required in a criminal trial. *State v. Kennedy*, 702 A.2d 28, 31 (R.I.1997). The sole function of a probation violation proceeding is to determine whether the conditions of probation have been breached. *Id.* In such a proceeding, the hearing justice weighs the evidence and assesses the credibility of the witnesses, *State v. Smith*, 721 A.2d 847, 849 (R.I.1998) (per curiam), and we review the hearing justice's findings only to determine whether the justice acted arbitrarily or capriciously. *Kennedy*, 702 A.2d at 31.

In this case, the hearing justice properly weighed the evidence in finding that Sally's testimony was credible but that the defendant's testimony was not, and in drawing incriminating inferences from the defendant's letters to Hawkins. Moreover, whether or not Dr. Altreuter was qualified as an expert witness was not material to the trial justice's finding that the defendant failed to satisfy the terms and conditions of his probation.

Thus, in light of our standard of review and of the evidence in the record, we hold that the hearing yielded reasonably satisfactory evidence by which the hearing justice could find that the defendant had engaged in sexual relations with Sally, thereby violating the terms of his probation. Such a finding was neither arbitrary nor capricious. Accordingly, we deny and dismiss the defendant's appeal,

affirm the judgment of the hearing justice, and return the papers of the case to the Superior Court.