STATE

v.

**Walter WAITE.**

**No. 2001–35–C.A.**

Supreme Court of Rhode Island.

Jan. 15, 2003.

Virginia McGinn, Providence, for Plaintiff.

Kelly Monteiro, Paula Rosin, Providence, for Defendant.

Before WILLIAMS, C.J., LEDERBERG, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

The defendant, Walter Waite (defendant), appeals from a Superior Court hearing justice's finding that he violated the terms of his probation based on charges of first-degree robbery and assault with a dangerous weapon. This case came before the Supreme Court for oral argument on December 4, 2002, following an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and proceed to decide the appeal at this time. For the reasons indicated below, we affirm the decision of the trial justice.

On July 31, 1997, Michael DeSousa (DeSousa) reported to the police that defendant robbed and assaulted him with a trophy because, earlier that day, DeSousa called Ta–Tanisha, his girlfriend and defendant's niece, a "bitch." The evidence presented at the hearing painted a picture of an initially amicable rendezvous with defendant and DeSousa despite the name-calling incident. At defendant's request, the two went for a car ride during which

time defendant asked DeSousa to borrow money. DeSousa explained that he did not have any money because he and Ta–Tanisha had just returned from a vacation.

After riding in the car, making various stops and consuming alcohol, the two ended up at the home of defendant's sister. DeSousa waited in the car while defendant went inside. Shortly thereafter, defendant summoned DeSousa into the house to speak with Ta–Tanisha, who was on the phone. After entering the bedroom where the telephone was located and while reaching for the receiver on the bed, DeSousa testified, defendant punched him on the left side of his jaw, knocking DeSousa to the ground. According to DeSousa, defendant said that he was angry about DeSousa's calling Ta–Tanisha a "bitch."

DeSousa testified that the altercation escalated as defendant demanded DeSousa's gold chain necklace, watch, cigarettes, cellular phone and approximately $30 while threatening to hit him over the head with a trophy. However, he explained, defendant later agreed to return the gold chain in exchange for $600. In addition, defendant allowed DeSousa to use the cellular phone to obtain the $600. Furthermore, DeSousa testified that defendant forced him to sign over his car to defendant's other niece, Chastity.

According to DeSousa, he went to Ta–Tanisha's place of employment with defendant's nephew, Iryan Aubert (Aubert), in an attempt to obtain the money. DeSousa testified that he went inside the building and told Ta–Tanisha what had transpired while Aubert remained in the car. DeSousa never attempted to contact the police or solicit aid from the security guards in the building. He explained that he then left in Ta–Tanisha's car because Aubert apparently left with DeSousa's car while DeSousa was inside. After they were unable to locate Aubert, DeSousa and Ta–Tanisha reported the robbery and assault to a police officer parked near defendant's sister's house.

The officer arrested defendant and found only a pack of Newport cigarettes on him, which is the brand that defendant typically smoked. Later, Ta–Tanisha turned in the gold chain but indicated that she received it from someone other than defendant.

Two of defendant's nephews, Mark Bennett (Bennett) and Aubert, testified for the defense. Both were present outside the house when the alleged robbery and assault occurred although neither was in the bedroom where the supposed events occurred. Bennett testified that DeSousa exited the house and left in his car alone. Aubert also testified that no one accompanied DeSousa in his car when he left, and Aubert did not drive DeSousa's car at any time that afternoon. The defendant did not testify.

The defendant was charged with robbery and assault with a dangerous weapon. Because defendant was on probation as a result of an earlier drug conviction, the state presented him as a probation violator. The hearing justice found that defendant violated the terms of his probation and imposed six years of defendant's ten-year suspended sentence from the drug conviction.

# I

## Standard of Review

Our review of a decision in a probation violation hearing focuses solely on "whether the hearing justice acted arbitrarily or capriciously in finding a violation." *State v. Pagan,* 793 A.2d 1046, 1046–47 (R.I.2002) (mem.) (quoting *State v. Rioux,* 708 A.2d 895, 897 (R.I.1998) (per curiam)). Because a probation revocation hearing is not part of the criminal prosecu-

tion process, the standard to establish a violation is not proof beyond a reasonable doubt, but rather the violation need only be proven by reasonably satisfactory evidence. *See State v. Robinson,* 788 A.2d 1151, 1151 (R.I.2001) (mem.); *State v. Znosko,* 755 A.2d 832, 834 (R.I.2000).

"The sole purpose of a probation revocation hearing is to determine whether a condition of the probation has been breached." *Znosko,* 755 A.2d at 834 (citing *State v. Johnson,* 651 A.2d 1225, 1225 (R.I.1994)). Keeping the peace and remaining on good behavior are conditions of probation. *See State v. Pinney,* 672 A.2d 870, 871 (R.I.1996) (citing *Gagnon v. Scarpelli,* 411 U.S. 778, 781–82, 93 S.Ct. 1756, 1759, 36 L.Ed.2d 656, 661 (1973)). Consequently, the reasonably satisfied standard should not be applied to the narrow question of defendant's guilt with regard to the new charges but rather, the standard should be applied to whether defendant maintained the conditions of his probation. *See State v. Santiago,* 799 A.2d 285, 288 (R.I.2002) (citing *State v. Gautier,* 774 A.2d 882, 887 (R.I.2001)).

Assessing the credibility of a witness in a probation violation hearing is a function of the hearing justice, not this Court. *See State v. Hull,* 754 A.2d 84, 86 (R.I.2000) (citing *State v. Sparks,* 667 A.2d 1250, 1251 (R.I.1995) (per curiam)).

"When a probation-violation inquiry turns on a determination of credibility, * * * and the hearing justice, after considering all the evidence, accepts one version of events for plausible reasons stated and rationally rejects another version, we can safely conclude that the hearing justice did not act unreasonably or arbitrarily in finding that a probation violation has occurred." *State v. Rioux,* 708 A.2d 895, 898 (R.I.1998) (citing *State v. Gilroy,* 688 A.2d 858, 859 (R.I.1997);

*State v. Sikhaolouanglath,* 683 A.2d 376, 378 (R.I.1996)).

The defendant argues that the hearing justice acted arbitrarily and capriciously in finding both DeSousa and the defense witnesses credible even though their stories were contradictory and that DeSousa's testimony was "implausible." The hearing justice addressed his credibility findings and explained that DeSousa and the stories of the defendant's nephews were only contradictory about events occurring after the alleged robbery and assault. Furthermore, he indicated, DeSousa was the only witness to testify about the alleged events in the bedroom. The defendant did not testify. Only the defendant and DeSousa were present in the bedroom at the time of the events at issue. As a result, the hearing justice determined that DeSousa's testimony about the relevant information was "in no way contradicted." After applying the reasonable satisfaction standard, the hearing justice found DeSousa credible and believed his version of the events in the bedroom. Therefore, we conclude that the hearing justice's determination that he was reasonably satisfied that the defendant breached the conditions of his probation was not arbitrary and capricious.

## Conclusion

The defendant's appeal is denied and dismissed and the judgment of the Superior Court is affirmed. The papers of the case may be returned to the Superior Court.

Justice Lederberg participated in all proceedings but deceased prior to the filing of this opinion.