STATE

v.

Anthony J. DiCHRISTOFARO.

No. 2002–193–C.A.

Supreme Court of Rhode Island.

March 10, 2004.

Virginia M. McGinn, Providence, for Plaintiff.

Catherine A. Gibran, Providence, for Defendant.

Present: WILLIAMS, C.J., FLANDERS, GOLDBERG, FLAHERTY and SUTTELL, JJ.

# OPINION

PER CURIAM.

The defendant, Anthony J. DiChristofaro (defendant), appeals from a Superior Court judgment revoking his probation. This case came before the Supreme Court for oral argument on February 3, 2004, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown, and proceed to decide the appeal at this time. We affirm the judgment of the Superior Court.

## I

## Facts and Travel

On June 23, 2001, while on probation for numerous previous convictions, defendant was arrested and charged with two counts of felony assault and one count of resisting arrest. As a result of the arrest, defendant also was presented as a probation violator. The State of Rhode Island (state) called three witnesses to testify at the probation violation hearing: Brittany Attela (Attela), Michael Young (Young), and Officer Peter Appollonio (Officer Appollonio) of the West Warwick Police Department.

Attela, age fourteen, testified that on the night of June 23, 2001, she and a friend were approached by defendant as they entered a Cumberland Farms store in the town of West Warwick. According to Attela, defendant was standing outside the Cumberland Farms and asked them "How are you ladies doing tonight?" Attela further testified that as she and her friend were leaving the store, defendant began following them, and said "I'm thirty-one and I know how to party." The girls were frightened and began walking toward Atte-

la's house. En route, the girls encountered Young, who was a friend of Attela's, and asked him to accompany them. Attela said that as the group reached Attela's street, defendant reappeared and threatened to kill them, saying he had a gun. According to Attela, defendant then swung a beer bottle at Young's back. Attela testified that, because her hand was on Young's back, the bottle hit and injured her hand. Young's testimony corroborated Attela's testimony.

Young called the police, and Officer Appollonio responded. Officer Appollonio testified that he had to draw his baton when approaching defendant because defendant advanced toward him, disregarding his orders to stop. Officer Appollonio further testified that he had to strike defendant with his baton to gain control over him.

At the violation hearing, the hearing justice reviewed the evidence and concluded that defendant had violated the terms and conditions of his probation. The hearing justice then imposed eight years of defendant's ten-year suspended sentence, leaving two years suspended.

After the violation hearing, defendant was convicted of the felony assault and resisting arrest charges that formed the basis of the violation. The defendant has challenged those convictions in a separate appeal. This case involves only defendant's appeal from the Superior Court revocation of his probation.

## II

## Discussion

 "It is well settled that this [C]ourt's review of a hearing justice's decision in a probation-violation proceeding is limited to considering whether the hearing justice acted arbitrarily or capriciously in

finding a violation." *State v. Rioux,* 708 A.2d 895, 897 (R.I.1998). "[T]he hearing justice's only responsibility is to determine, according to the * * * requirements [of Rule 32(f) of the Superior Court Rules of Criminal Procedure], whether he or she is reasonably satisfied that the defendant has violated one or more of the terms of his or her probation."[1] *State v. Vashey,* 823 A.2d 1151, 1155 (R.I.2003) (quoting *Hampton v. State,* 786 A.2d 375, 379 (R.I. 2001)). "Keeping the peace and remaining on good behavior are conditions of probation." *State v. Waite,* 813 A.2d 982, 985 (R.I.2003). "Rather than proving its case beyond a reasonable doubt, the prosecution need only 'establish the violation using reasonably satisfactory evidence.' " *State v. Beverly,* 822 A.2d 170, 171 (R.I.2003) (per curiam) (quoting *State v. Pagan,* 793 A.2d 1046, 1047 (R.I.2002) (mem.)). "Consequently, the reasonably satisfied standard should not be applied to the narrow question of defendant's guilt with regard to the new charges but rather, the standard should be applied to whether defendant maintained the conditions of his probation." *Waite,* 813 A.2d at 985.

■ "Assessing the credibility of a witness in a probation violation hearing is a function of the hearing justice, not this Court." *Id.* When a probation revocation depends on a determination of credibility, "and the hearing justice, after considering all the evidence, accepts one version of events for plausible reasons stated and rationally rejects another version, we can safely conclude that the hearing justice did not act unreasonably or arbitrarily in find-

ing that a probation violation has occurred." *Id.* (quoting *Rioux,* 708 A.2d at 898).

■ The hearing justice's finding of a probation violation turned on a determination of the credibility of the state's three witnesses, Attela, Young and Officer Appollonio. After hearing the testimony of each of these witnesses, the hearing justice found both Attela and Young to be credible, and that their testimony was "consistent on the basic facts." The hearing justice further stated that Officer Appollonio's testimony about defendant's arrest was "somewhat consistent" with Attela and Young's testimony about the events that occurred during the evening of June 23, 2001. Based on this evidence, the hearing justice believed there was sufficient evidence that defendant had violated the terms of his probation.

In revoking defendant's probation, the hearing justice considered the testimony presented, and accepted the version of events presented by Attela, Young and Officer Appollonio. Therefore, we can safely conclude that the hearing justice did not act unreasonably or arbitrarily in finding that defendant violated the terms and conditions of his probation.

■ The defendant notes that he has appealed his convictions for the underlying charges of resisting arrest and felony assault. These convictions, which occurred after the defendant's probation violation hearing, are irrelevant to our review of the correctness of the hearing justice's finding that he violated the terms of his probation.

---

1. Rule 32(f) of the Superior Court Rules of Criminal Procedure provides:

 "The court shall not revoke probation or revoke a suspension of sentence or impose a sentence previously deferred except after a hearing at which the defendant shall be afforded the opportunity to be present and apprised of the grounds on which such ac-

 tion is proposed. The defendant may be admitted to bail pending such hearing. Prior to the hearing the State shall furnish the defendant and the court with a written statement specifying the grounds upon which action is sought under this subdivision."

The defendant's convictions were not before the hearing justice, so she could not have made her finding that he violated his probation as a result of these convictions. The hearing justice revoked the defendant's probation based on the ample evidence before her that the defendant had failed to keep the peace. Moreover, as the Massachusetts Supreme Judicial Court has held, since only reasonably satisfactory evidence is required for a probation violation, a defendant's probation may be revoked "based on an offense of which the defendant has been acquitted after a criminal trial." *Commonwealth v. Holmgren,* 421 Mass. 224, 656 N.E.2d 577, 578 (1995). Thus, the ultimate disposition of the defendant's convictions are immaterial to this Court's review of the hearing justice's decision that he has failed to keep the peace.

### Conclusion

For the reasons stated herein, we affirm the judgment of the Superior Court. The record shall be remanded to the Superior Court.