STATE

v.

Jill BENUM.

No. 2004–213–C.A.

Supreme Court of Rhode Island.

May 15, 2007.

Aaron L. Weisman, Providence.

Marie T. Roebuck, Providence.

ORDER

This case came before the Supreme Court on April 5, 2007, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing arguments of counsel and reviewing the parties' memoranda, we are satisfied that cause has not been shown. Accordingly, we shall decide the appeal at this time.

The defendant, Jill Benum (defendant or Benum), appeals from a hearing justice's determination that she violated the terms and conditions of her probation; she was ordered to serve a six month sentence. The defendant was declared to be a violator based on a finding that she violated a no-contact order on September 8, 2003, when she said "you f* * *" over the telephone to Richard Taito (Taito), her daughter's father, and because she traveled to California without obtaining permission to travel out of state from her probation officer or the court.

Benum argues that because the Family Court had awarded her visitation rights with her daughter and Taito had agreed that she could contact the child by telephone, she did not violate the no-contact order when she called Taito's home and he answered the phone. She also argues that

because she had previously left the state for treatment for alcoholism, with no objection from the Department of Probation, to do so again was an acceptable practice.

This Court's "review of a hearing justice's decision in a probation-violation proceeding is limited to considering whether the hearing justice acted arbitrarily or capriciously in finding a violation." *State v. Rioux*, 708 A.2d 895, 897 (R.I.1998). It is well settled that "[k]eeping the peace and remaining on good behavior are conditions of probation." *State v. Waite*, 813 A.2d 982, 985 (R.I.2003). "Consequently, the reasonably satisfied standard * * * should be applied to whether defendant maintained the conditions of [his or her] probation." *Id.*

We are of the opinion that the hearing justice did not err nor did he act arbitrarily when he found the defendant in violation of the terms of her probation. Benum does not deny that there was a valid no-contact order in effect, which enjoined and restrained her from *any* contact with Taito. Nor does she deny that she uttered the aforementioned epithet to Taito. We previously have held that a defendant who mailed two birthday cards to his estranged wife violated a no-contact order that was identical to the order in this case. *State v. John*, 881 A.2d 920, 925 (R.I.2005). In that case, we held that "[t]he words 'any contact' in the order are as unequivocal as they are broad." *Id.* The defendant's oral contact and use of profane language in this case constitute more direct and offensive behavior than did the birthday cards sent in *John*. Because we hold that the trial justice did not err in finding that the defendant violated the conditions of her probation by violating the no-contact order, we need not reach the second issue.

Accordingly, we deny and dismiss the defendant's appeal, and we summarily af-

firm the judgment of the Superior Court, to which we return the papers in the case.