**Ramlec JAVIER**[1]

v.

**STATE of Rhode Island.**

**No. 2006–16–Appeal.**

Supreme Court of Rhode Island.

June 14, 2007.

Martin D. Harris.

Aaron L. Weisman, Providence.

**O R D E R**

This case came before the Supreme Court on May 10, 2007, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing arguments of counsel and reviewing the parties' memoranda, we are satisfied that cause has not been shown. Accordingly, we shall decide the appeal at this time. We affirm the denial of Ramlec Javier's (applicant or Javier) applications for postconviction relief and the hearing justice's refusal to vacate his sentence and to recuse.

Javier pled *nolo contendere* on May 31, 2000, to four charges: two counts of delivery of a controlled substance (heroin),[2] one

---

1. Ramlec appears to be the correct spelling of applicant's first name, but it is spelled Ranlec and Ranlee in some court documents.

2. Two additional counts from the same information, one of conspiracy to sell heroin and one of possession with intent to deliver her-

count of possession of cocaine with intent to deliver, and one count of conspiracy to possess cocaine with intent to deliver. In accepting Javier's plea, the Superior Court magistrate reviewed the rights that Javier was waiving in connection with his plea. In turn, Javier indicated that he understood the rights he was giving up by entering a plea of *nolo contendere.*

Additionally, before accepting Javier's plea, the Superior Court magistrate asked Javier whether he understood that a conviction as a resident alien could result in deportation proceedings. Javier indicated that he understood. The following colloquy also occurred:

> "The Court: Do you also understand that by placing you on probation for that five year period and should you be deported today, if you come back into this country that would be a violation of your probation, a fact which could result in you being incarcerated to serve the full time of your sentence. Do you understand that?
>
> "The [Applicant]: Yes, Your Honor."

Javier was sentenced to five years at the Adult Correctional Institutions on each of the charges, with each sentence suspended, and five years of probation, with all sentences to run concurrently.

Javier subsequently filed applications for postconviction relief, alleging that he did not understand the immigration consequences of his pleas and that he did not understand the rights he was waiving; he argued that his sentences were illegal and that his convictions should be vacated. Javier also moved for the Superior Court magistrate to recuse himself from the postconviction proceedings.

At the hearing on the postconviction relief applications and the related motions, the court first addressed the motion to recuse, and noted that the transcript of the plea hearing "is a statement of what took place in the court when this defendant entered his plea." The motion to recuse was denied. The court next addressed Javier's argument that the sentence he received was illegal under the Supremacy Clause of the United States Constitution because "deportation was a condition or part of his sentence." The court found that the sentence was not illegal and denied Javier's applications for postconviction relief. The magistrate noted that Javier's argument was disingenuous and that any admonition about the potential consequences of an illegal reentry into the United States "was not part of the plea agreement[,]" but rather, was a warning about "the normal conditions [of probation] that he keep the peace and be of good behavior[.]" We agree.

The magistrate's admonition to Javier during the plea that "should you be deported today, if you come back into this country that would be a violation of your probation" in no way imposed additional conditions on Javier's term of probation; rather, the trial justice explained the obvious, that any illegal act by Javier *could* be considered as grounds for a violation, because "[k]eeping the peace and remaining on good behavior are conditions of probation." *State v. Waite,* 813 A.2d 982, 985 (R.I.2003). Furthermore, although Javier did reenter the country after he was deported, the state did not move to violate his probation. Javier's other arguments are without merit and we decline to address them.

As such, we affirm the Superior Court's denial of Javier's motion to vacate his sentences and his motion for recusal, as well as the denial of Javier's applications for

oin, were dismissed in consideration of Javi-

er's plea to the other two heroin charges.

postconviction relief, and we remand the papers to the Superior Court.