STATE

v.

Michael TETREAULT.

No. 2006–290–C.A.

Supreme Court of Rhode Island.

June 17, 2009.

Aaron L. Weisman, Department of Attorney General, Providence, for Plaintiff.

Paula Rosin, Office of Public Defender, Providence, for Defendant.

Present: GOLDBERG, Acting C.J., · FLAHERTY, SUTTELL, ROBINSON, JJ., and WILLIAMS, C.J. (ret.).

## OPINION

Acting Chief Justice GOLDBERG, for the Court.

This case came before the Supreme Court on April 8, 2009, on an appeal by the defendant, Michael Tetreault (defendant), from a Superior Court judgment declaring him a violator of the terms and conditions of a previously imposed probationary term. A single justice of this Court issued an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments of counsel and examining the parties' memoranda, we are satisfied that cause has not been shown, and we shall decide this appeal without further briefing and argument. We affirm the judgment of the Superior Court.

### Facts and Travel

At approximately 12:50 a.m. on the morning of July 21, 2005, after business hours, an intruder gained entry into the Cumberland Farms store on South Main Street in Woonsocket. The store's surveillance cameras were rolling as a white male fell through the ceiling; he then crept to the area behind the cashier's counter, where he emptied the contents of a trash bag onto the floor and proceeded to load it with cartons of cigarettes. The perpetrator left the store with $3,000 worth of cigarettes and about $25 in pennies. Shortly after the police viewed the surveillance tapes, defendant became the leading suspect.

In November 2005, defendant was in the custody of the Woonsocket police, under arrest for an unrelated offense. Detective Todd Fernandez (Det. Fernandez) questioned him about the Cumberland Farms break-in, and he showed him several still photographs of the footage taken from the surveillance cameras. The defendant admitted that he was the person depicted in the photographs and stated that he "must have been stealing meat."

Because defendant was on probation,[1] a violation hearing was held on March 10, 2006. In addition to the facts stated above, Det. Fernandez testified that it was his belief that the Woonsocket Police Bureau of Criminal Identification (BCI) had examined the store for fingerprints, but had been unable to recover any evidence. Patrolman Kenneth Marcotte was more uncertain; he testified that he did not know whether or not BCI had investigated the crime scene for fingerprints.

At the close of the evidence, the hearing justice concluded that she was reasonably satisfied that defendant had violated the terms and conditions of his probation. She ordered defendant to serve the remaining four years of his suspended sentence[2] at the Adult Correctional Institutions. The defendant timely appealed to this Court.

Meanwhile, defendant was tried for the underlying offense of breaking and entering into the Cumberland Farms store and was acquitted after a trial. The trial testi-

---

1. On June 23, 1998, defendant entered a plea of *nolo contendere* to a charge of breaking and entering a building with the intent to commit a felony. He received a ten-year sentence, two to serve, eight suspended, with probation.

2. The defendant previously was deemed a violator of the same conviction in February 2001, and was ordered to serve four years in prison.

mony revealed that BCI had discovered a fingerprint at the crime scene that did not match defendant's prints. Because this evidence was not disclosed to defendant at the time of his earlier probation-violation hearing, defendant filed a motion with this Court to remand the case to the Superior Court. On March 28, 2007, we granted the motion and remanded the case to the Superior Court "in order that a motion to reopen [defendant's] violation hearing may be filed and heard"; we also directed that the papers be returned to this Court after the hearing. On remand to the Superior Court, defendant filed a motion for a sentence reduction in accordance with Rule 35 of the Superior Court Rules of Criminal Procedure; he argued, however, for a reconsideration of the hearing justice's finding of a violation.

At the motion hearing, defendant sought a new decision based on his acquittal after his trial and, more importantly, because the police department failed to inform the Attorney General's office about the fingerprint discovered at the crime scene. Defense counsel argued that she was unaware of this evidence until trial, when she cross-examined the store's manager, who testified that BCI dusted the store for fingerprints after the break-in. The state then called BCI Det. Durand, who testified that he examined the crime scene and that the only fingerprint of value that he found was located on top of a refrigeration unit that was situated near the point of entry. Detective Durand also testified that he compared the fingerprint with those of defendant, and the prints did not match.

The state argued that based on the surveillance video, there was no suggestion that when he dropped from the ceiling, the intruder touched the top of the refrigeration unit. In addition, the state noted that Det. Durand could not date the fingerprint; and, because Cumberland Farms is open to the public, the fingerprint likely was left by a customer before the break-in.

Although defendant's motion to reduce his sentence was not filed within 120 days of the original sentence as required by Rule 35(a), the hearing justice decided to reach the merits of defendant's argument. She did so based on her determination that defendant was not asking her for a sentence reduction but imploring her to reconsider her earlier finding of a violation. The hearing justice concluded that even taking into consideration the fingerprint evidence, she still was reasonably satisfied that defendant was a violator; she noted that defendant had admitted to Det. Fernandez that he was depicted in the photographs, and that there was no evidence that the intruder touched the refrigeration unit, nor any proof about when the fingerprint was made. The hearing justice denied relief, and the papers subsequently were returned to this Court.[3]

## Standard of Review

"The sole issue for a hearing justice to consider at a probation violation hearing is whether or not the defendant has breached a condition of his or her probation by failing to keep the peace or remain on good behavior." *State v. Christodal*, 946 A.2d 811, 816 (R.I.2008) (citing *State v. Crudup*, 842 A.2d 1069, 1072 (R.I. 2004)). "The burden of proof on the state is much lower than that which exists in a criminal trial—the state need only show that 'reasonably satisfactory' evidence sup-

---

3. After the motion to reduce his sentence was denied, defendant filed a second notice of appeal seeking review of that decision. However, in accordance with our order of remand, the papers were returned to this Court. Accordingly, there is only one appeal before the Court, in which we shall address both the merits of the finding of a probation violation and the hearing justice's decision on remand.

ports a finding that the defendant has violated his or her probation." *State v. Bouffard,* 945 A.2d 305, 310 (R.I.2008). "Consequently, the reasonably satisfied standard should not be applied to the narrow question of defendant's guilt with regard to the new charges but rather, the standard should be applied to whether defendant maintained the conditions of his probation." *State v. DiChristofaro,* 842 A.2d 1075, 1077 (R.I.2004) (quoting *State v. Waite,* 813 A.2d 982, 985 (R.I.2003)).

■ "In determining whether or not a defendant has committed a probation violation, the hearing justice is charged with weighing the evidence and assessing the credibility of the witnesses." *Christodal,* 946 A.2d at 816 (citing *State v. Pena,* 791 A.2d 484, 485 (R.I.2002) (mem.)). "Assessing the credibility of a witness in a probation violation hearing is a function of the hearing justice, not this Court." *Waite,* 813 A.2d at 985.

■ On appeal from a finding of a probation violation, this Court's review is limited to "whether the hearing justice acted arbitrarily or capriciously in assessing the credibility of the witnesses or in finding such a violation." *Christodal,* 946 A.2d at 816.

## Analysis

Before this Court, defendant asserts that his appeal should be sustained for two reasons. First, he argues that the hearing justice should have reversed her earlier finding of a violation because the proceeding in which he was declared to be a violator was tainted by the police depart-

ment's deliberate concealment of the fingerprint evidence. Second, he contends that the evidence adduced at the original probation-violation hearing was insufficient to support a finding that he was a violator; in essence defendant simply maintains that his "purported 'confession' " was "suspect" because he told the police that he "must have been stealing meat" rather than cigarettes.[4] We reject both assertions.

■ At the outset, we note that after this Court remanded the case to allow defendant to move to reopen the probation-violation hearing, he moved for a sentence reduction but was afforded an opportunity to convince the hearing justice to "reconsider" her earlier finding. However, defendant did not request, as he does now before this Court, a second evidentiary hearing in which the evidence again would be introduced. For that reason, we are of the opinion that defendant was not entitled to a second evidentiary hearing. Notwithstanding, the hearing justice generously complied with defendant's request; she reconsidered her earlier decision in light of the fingerprint evidence, but ultimately remained reasonably satisfied that defendant was a violator.

Next, we are unable to conclude that the hearing justice acted arbitrarily or capriciously when she found initially that defendant violated the terms and conditions of his probation. The evidence in this case virtually was free from inconsistency. Detective Fernandez testified that defendant examined the photographs taken from the surveillance cameras and admitted that he was the intruder. The hearing justice de-

---

4. We note that defendant, rightfully so, does not argue that his subsequent acquittal requires this Court to vacate the hearing justice's ruling. This Court previously has declared that, "since only reasonably satisfactory evidence is required for a probation violation, a defendant's probation may be revoked 'based on an offense of which the defendant has been acquitted after a criminal trial.' " *State v. DiChristofaro,* 842 A.2d 1075, 1078 (R.I.2004) (quoting *Commonwealth v. Holmgren,* 421 Mass. 224, 656 N.E.2d 577, 578 (1995)).

clared the detective a credible witness, and after comparing photographs of the intruder to defendant's features, the hearing justice was of the belief that defendant was the person depicted in the surveillance video. Based on this evidence, the hearing justice reasonably was satisfied that defendant was a violator.

The defendant also argues that the state failed to meet its burden because, according to Det. Fernandez's testimony, defendant admitted to stealing meat, not cigarettes. We are not persuaded by this argument. The hearing justice had sufficient evidence before her to conclude that defendant, by his own admission, was the intruder and that the state had met its burden of proof.

Finally, we are of the opinion that the hearing justice did not act arbitrarily or capriciously when she reconsidered and affirmed her earlier ruling, notwithstanding the additional evidence that someone else's fingerprint was discovered near the point of entry. Although the hearing justice added the fingerprint to the evidentiary scale, it did not tip the balance; she remained reasonably satisfied that the defendant violated the terms and conditions of his probation. The hearing justice noted that there was no suggestion that the intruder touched the refrigerator when he cascaded into the establishment. Furthermore, the hearing justice agreed with the state that, because Cumberland Farms is open to the public every day and because the fingerprint was not dated, it could belong to anyone—a customer, an employee, or a repairman. In short, this evidence did not exculpate the defendant; and, therefore, the hearing justice again was reasonably satisfied that the defendant was a probation violator. In view of the record in this case, we are satisfied that the hearing justice's ruling was neither arbitrary nor capricious.

## Conclusion

For the reasons stated in this opinion, we affirm the judgment of the Superior Court, to which the papers in this case may be remanded.