**STATE**

**v.**

**John E. GAUTHIER.**

**No. 2010–424–M.P.**

Supreme Court of Rhode Island.

April 8, 2011.

Virginia M. McGinn, Department of Attorney General, for State.

Catherine Gibran, Office of the Public Defender, for Defendant.

Present: SUTTELL, C.J., GOLDBERG, FLAHERTY, ROBINSON, and INDEGLIA, JJ.

## OPINION

Chief Justice SUTTELL, for the Court.

The defendant, John E. Gauthier, seeks review of a Superior Court's finding that he violated the conditions of his probation. This case came before the Supreme Court for oral argument pursuant to an order granting a writ of certiorari and directing the parties to appear and show cause why the issues raised should not summarily be decided. After reviewing the record and

considering the parties' written and oral submissions, we are satisfied that the issues may be resolved without further briefing or argument. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

## I

### Facts and Procedural History

On April 8, 2002, Mr. Gauthier pled guilty to entering a dwelling with felonious intent and was sentenced to a term of ten years, with two years to serve and eight years suspended, with probation. Later, in January 2007, Mr. Gauthier pled nolo contendere to felony assault and was sentenced to a term of nine years, with two years to serve and seven years suspended, with probation. After defendant's release from the Adult Correctional Institutions on July 12, 2008, he again was arrested, on July 31, 2008, for allegedly assaulting John Simms, a fellow homeless man. The state filed a probation-violation report pursuant to Rule 32(f) of the Superior Court Rules of Criminal Procedure, alleging that defendant had violated the terms of both of his aforementioned probations. A violation hearing was held in Superior Court on October 3, 2008.

At the hearing, the complaining witness, Mr. Simms, testified that he had known defendant for six years and described him as an acquaintance. Mr. Simms testified that, at around 6 p.m. on July 31, 2008, he was sitting at a table in front of "C–Town" supermarket[1] when defendant came up to him and began talking about a man named "Jackie," with whom Mr. Simms had been in a fight "a couple of days before." Then,

"[a]s soon as [Mr. Simms] turned [his] head[, defendant] started swinging." Mr. Simms testified that defendant swung at him with both hands and hit him in the back of the head twice, with closed fists. Mr. Simms testified that defendant then "took off" across the street to a Dunkin' Donuts. Mr. Simms called the police from a nearby pay phone. Mr. Simms testified that, as a result of this altercation, he had "a bump on the back of [his] head."

Officer Richard LaForest, a patrolman for the Pawtucket Police Department, soon arrived at C–Town. Officer LaForest testified that when he arrived, Mr. Simms alleged that defendant had just assaulted him for the second time in the past couple of weeks.[2] Officer LaForest was familiar with both men, having "dealt with them many times." Officer LaForest testified that Mr. Simms said that defendant had "c[o]me up to him and hit him with an open hand, slapped him in the face." On cross-examination, however, Officer LaForest clarified that Mr. Simms had actually said "[defendant] slapped me on the side of the head" and pointed to his face, and that the officer just "assumed" that Mr. Simms was hit with "an open hand" and "on his face." Officer LaForest did not see any injuries on Mr. Simms's face, but he noted that any markings may not have been visible because Mr. Simms's face already was red from having spent the whole day in the sun. Officer LaForest testified that Mr. Simms said that defendant had hit him "because of Jackie."

Officer LaForest testified that after speaking with Mr. Simms he went across

---

1. Because he was homeless, Mr. Simms had been staying behind C–Town at night for the previous six or seven months.

2. Mr. Simms testified that on July 21, 2008, prior to the incident in question, Mr. Gauthier had hit him at a Walgreens for an unrelated reason. Mr. Simms testified that he made a complaint concerning this incident with the Pawtucket police, but that the report had been misfiled under another person also named John Gauthier.

the street to the Dunkin' Donuts parking lot, where he approached defendant and asked him why he hit Mr. Simms, to which defendant replied that "[h]e shouldn't have hit Jackie." Officer LaForest testified that, because defendant's reason for hitting Mr. Simms "matche[d]" Mr. Simms's version of why he was hit, he proceeded to arrest defendant.

Following the conclusion of the testimony, the hearing justice explained that she found sufficient evidence suggesting the existence of an individual by the name of Jackie, with whom Mr. Simms had had a prior altercation that "triggered some * * * anger toward [him] by at least the defendant." The hearing justice noted that Officer LaForest's testimony on direct examination that "[Mr.] Simms told him that [defendant] came up to him and slapped him in the face with an open hand" was "inconsistent" with Mr. Simms's testimony that defendant hit him on the back of the head with closed fists. She explained, however, that on cross-examination it was revealed that Mr. Simms had just told the officer that defendant "slapped him," and simply pointed to his face, and that the officer had made an assumption that it was an open-hand slap on his face. Therefore, the hearing justice reasoned, "although there [was] a discrepancy, that discrepancy [was] not as great as it appeared on direct examination."

The hearing justice acknowledged that the state's burden of proof at a probation-violation hearing "is not a particularly high one." She proceeded to explain that, although "[Mr.] Simms might not be the most reliable or credible witness who ever took the stand and took the oath in [her] courtroom, * * * that doesn't mean that [she] should disregard his testimony to the extent that [she] find[s] it to be credible." The justice noted that she "would not find Mr. Simms sufficiently credible without any corroboration to be reasonably satisfied that any event occurred between [him and defendant] that would support the [Rule] 32(f) violation." The justice did, however, find Officer LaForest to be a credible witness. Upon considering Officer LaForest's testimony about how he asked defendant why he hit Mr. Simms and how defendant responded that "[h]e shouldn't have hit Jackie," in conjunction with Mr. Simms's testimony, the hearing justice was "reasonably satisfied that the defendant hit [Mr.] Simms on the evening in question." The hearing justice concluded that this was not consistent with defendant's probationary obligation to keep the peace and be of good behavior. Accordingly, she found that defendant had violated the terms of his two probationary sentences.

After the hearing justice reviewed in detail defendant's long criminal record, she noted that defendant has had "one violation after another, and * * * he's been given such light sentences, * * * and perhaps they did not serve to deter him from the conduct in question." The hearing justice then said that she had "to give him a heavier sentence to get the message across." The justice sentenced defendant to serve four years on his 2002 suspended sentence for entering a dwelling with felonious intent.[3]

The defendant filed a notice of appeal in November 2008, but it later was discovered that the appeal contained an error.[4]

---

3. The hearing justice also declared defendant a violator in the 2007 felony assault case, but simply continued him on the same suspended sentence in that matter.

4. The defendant's appeal listed only the felony assault matter (P2/07–73A), in which he was continued on the same suspended sentence; his appeal failed to include the matter involving the entry of a dwelling with felonious intent (P2/02–1129A), for which he was or-

The defendant submitted a motion to file a corrected notice of appeal *nunc pro tunc*. This Court denied that motion, but without prejudice, to allow defendant to petition for a common law writ of certiorari to review the substantive issues raised in the appeal. The defendant filed a petition for writ of certiorari in December 2010, which was granted by this Court.

## II

### Standard of Review

■■■■ "The sole issue for a hearing justice to consider at a probation[-]violation hearing is whether or not the defendant has breached a condition of his or her probation by failing to keep the peace or remain on good behavior." *State v. Christodal*, 946 A.2d 811, 816 (R.I.2008). The state's burden of proof at a probation-violation hearing is "much lower" than the beyond a reasonable doubt standard that exists in a criminal trial; "the state need only show that 'reasonably satisfactory' evidence supports a finding that the defendant has violated his or her probation." *State v. Bouffard*, 945 A.2d 305, 310 (R.I. 2008); *State v. Sylvia*, 871 A.2d 954, 957 (R.I.2005). To determine whether the defendant has committed a violation, the hearing justice "weighs the evidence and assesses the credibility of the witnesses." *State v. Pena*, 791 A.2d 484, 485 (R.I.2002) (mem.).

It is well established that "[t]his Court's 'review of a hearing justice's decision in a probation-violation proceeding is limited to considering whether the hearing justice acted arbitrarily or capriciously in finding a violation.'" *Sylvia*, 871 A.2d at 957 (quoting *State v. Rioux*, 708 A.2d 895, 897 (R.I. 1998)).

## III

### Discussion

■■■ The defendant argues that the state's proffered evidence was "dubious" and that "the hearing justice acted arbitrarily and capriciously" in determining that defendant violated his probation.

The defendant asserts that there was a "significant discrepancy" between Mr. Simms's in-court testimony and the version he had relayed to Officer LaForest concerning where and how he was hit by defendant. The hearing justice acknowledged that Mr. Simms's testimony detailing punches to the back of his head was "inconsistent" with Officer LaForest's testimony describing an open-hand slap on the face. She explained, however, that on cross-examination it was determined that the officer had made some "assum[ptions]" about defendant's contact with Mr. Simms, and she thus found that the discrepancy was not that great. Furthermore, the hearing justice found sufficient evidence of an individual by the name of Jackie, with whom Mr. Simms had had a prior altercation that angered defendant. The hearing justice noted that Officer LaForest testified that, when he asked defendant why he had hit Mr. Simms, defendant himself responded that "[h]e shouldn't have hit Jackie." Based on all of this, the hearing justice was "reasonably satisfied that the defendant hit [Mr.] Simms on the evening in question," and thus breached his obligation to keep the peace and be of good behavior. It is our opinion that, notwithstanding the apparent discrepancy, the hearing justice did not act "arbitrarily and capriciously" in finding "reasonably satisfactory" evidence that defendant had hit Mr. Simms on July 31, 2008, and thus violated the conditions of his probation.

■■■ The defendant further argues that he should not have been declared a viola-

dered to serve four years as a result of the probation violation.

tor because the complaining witness was found to be "unworthy of belief." The hearing justice clearly articulated her assessment of the witnesses' credibility; she stated that she did not find Mr. Simms to be the most reliable witness to ever testify in her courtroom and noted that she would not find him "sufficiently credible without any corroboration." The justice further expressed, however, that she found Officer LaForest to be a credible witness and that, after taking his testimony in conjunction with Mr. Simms's testimony, she was "reasonably satisfied that the defendant hit [Mr.] Simms on the evening in question." This Court has noted that:

> "When a probation-violation inquiry turns on a determination of credibility, * * * and the hearing justice, after considering all the evidence, accepts one version of events for plausible reasons stated and rationally rejects another version, we can safely conclude that the hearing justice did not act unreasonably or arbitrarily in finding that a probation violation has occurred." *Rioux*, 708 A.2d at 898; *see also Sylvia*, 871 A.2d at 957.

The hearing justice, after considering all the testimony, clearly found the testimony of Officer LaForest to be credible and determined that it sufficiently corroborated Mr. Simms's testimony. "Because it is not the role of this Court to second-guess [such] credibility assessments," *State v. Johnson*, 899 A.2d 478, 482 (R.I.2006), and because we agree that the state presented sufficient evidence to secure the revocation of the defendant's probation, we hold that the hearing justice did not act arbitrarily or capriciously.

## IV

### Conclusion

For the reasons stated in this opinion, we affirm the judgment of the Superior Court. The record shall be remanded to the Superior Court.