March 17, 2020

**Supreme Court**

No. 2019-28-C.A.
(N2/18-196A)

State                :

v.                :

Ernest Chandler.          :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

State        :

v.         :

Ernest Chandler.     :

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Chief Justice Suttell, for the Court.** Before the Court, the defendant, Ernest Chandler (Chandler or defendant) appeals from a judgment of the Superior Court denying his motion to vacate an illegal sentence and judgment. The defendant argues that there were no conditions of probation prior to the General Assembly's enactment of G.L. 1956 § 12-19-8.1 in 2017, and, thus, because he was sentenced to probation before 2017, he could not have violated any probation condition. This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

## I

### Facts and Procedural History

In 2009, Chandler was sentenced to a term of imprisonment plus a ten-year suspended sentence, with probation, after pleading guilty to four felony offenses. Nine years later, on August 1, 2018, Chandler pled nolo contendere to a charge of possession of a controlled substance with intent to deliver, second offense, and he was sentenced to ten years at the Adult Correctional

Institutions, with three years to serve and seven years suspended, with probation. Because Chandler was on probation at the time of the 2018 charge, the state filed a violation report pursuant to Rule 32(f) of the Superior Court Rules of Criminal Procedure. At the sentencing, the hearing justice found Chandler to have violated the conditions of his 2009 probation and sentenced him "on the same sentence previously imposed."

Thereafter, Chandler, representing himself *pro se*, filed a motion to vacate an illegal sentence. He argued before the hearing justice that the Superior Court was without authority to declare him a probation violator because, according to Chandler, there were no conditions placed on any sentence of probation before the General Assembly enacted § 12-19-8.1 in 2017, and the General Assembly did not intend the statute to apply retroactively. He contended that, because there were no conditions on his probation, he could not possibly have violated them. The hearing justice remarked that the "primary condition" of probation is to "keep the peace and be of good behavior[,]" meaning, in part, not to commit other crimes. He also observed that, without conditions, probation "would be an exercise in futility." An order and a judgment entered denying Chandler's motion to vacate on October 11, 2019, and defendant timely appealed.

**II**

**Standard of Review**

"[T]his Court's review of a hearing justice's decision in a probation-violation proceeding is limited to considering whether the hearing justice acted arbitrarily or capriciously in finding a violation." *State v. Wiggins*, 919 A.2d 987, 989 (R.I. 2007) (quoting *State v. Sylvia*, 871 A.2d 954, 957 (R.I. 2005)). "We apply a *de novo* standard of review, however, to questions of law, as well as to mixed questions of fact and law that purportedly implicate a constitutional right." *Id.*

## Discussion

Before this Court, Chandler contends that the hearing justice erred in rejecting his argument because § 12-19-8.1, he argues, was not intended to apply retroactively, and, thus, there were no conditions imposed on his probation in 2009. The state counters that keeping the peace and being on good behavior was a condition of probation "long before" § 12-19-8.1 was enacted and that "[a]dmitted criminal behavior" was a valid basis for a probation violation both before and after the promulgation of the statutory language in 2017.

Section 12-19-8.1 was enacted in 2017, and states, in relevant part:

> "(a) The following shall constitute basic conditions of probation applicable to all defendants upon whom a period of probation has been imposed:
>
> "(1) Obey all laws;
>
> "(2) Report to the probation officer and parole officer as directed;
>
> "(3) Remain within the state of Rhode Island except with the prior approval, specifically or as an agreed routine, of the probation and parole office;
>
> "(4) Notify the probation and parole officer immediately of any change of address, telephone number, or employment;
>
> "(5) Make every effort to keep steadily employed or attend school or vocational training;
>
> "(6) Waive extradition from anywhere in the United States to Rhode Island, if required to appear in any Rhode Island court;
>
> "(7) Provide a DNA sample if required by §§ 12-1.5-7 and 12-1.5-8;
>
> "(8) Pay restitution, court costs, and fines, if assessed, in one or several sums, based on the defendant's ability to pay; and

"(9) Submit to a risk and needs assessment."

It is our opinion beyond cavil that the foregoing provisions codify what have long been recognized as conditions of probation in Rhode Island. Well before the General Assembly enacted § 12-19-8.1, this Court held that "[k]eeping the peace and remaining on good behavior are conditions of probation." *State v. Waite*, 813 A.2d 982, 985 (R.I. 2003). In 2016, Rule 32(f) of the Superior Court Rules of Criminal Procedure was amended to reflect, *inter alia*, this Court's settled rule that "the 'sole purpose of a probation violation hearing is for the trial justice to determine whether the conditions of probation—keeping the peace and remaining on good behavior—have been violated.'"[1] Committee Notes for 2016 Amendment to Rule 32(f) (brackets omitted) (quoting *State v. Hazard*, 68 A.3d 479, 499 (R.I. 2013)). The "implied condition of good behavior attaches when a suspended sentence is pronounced[,]" regardless of whether a sentencing justice outlines stringent conditions for probation. *Price v. Wall*, 31 A.3d 995, 1003 (R.I. 2011).

Given this Court's longstanding rule that keeping the peace and remaining on good behavior are conditions of probation, we hold that the hearing justice did not act arbitrarily or capriciously when he found that the defendant violated the conditions of his probation to which he was sentenced after his conviction in 2009. Neither the probationary sentence imposed in 2009 nor its revocation in 2018 were illegal sentences.

---

[1] In 2016, Rule 32(f) of the Superior Court Rules of Criminal Procedure was amended to add the last sentence of the rule to provide: "No revocation shall occur unless the [s]tate establishes by a fair preponderance of the evidence that the defendant breached a condition of his/her probation or deferred sentence or failed to keep the peace or remain on good behavior."

## IV

## Conclusion

For the foregoing reasons, we affirm the judgment of the Superior Court. The record in this case may be returned to the Superior Court.

# STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | State v. Ernest Chandler. |
| **Case Number** | No. 2019-28<br>(N2/18-196A) |
| **Date Opinion Filed** | March 17, 2020 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Chief Justice Paul A. Suttell |
| **Source of Appeal** | Newport County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Stephen P. Nugent |
| **Attorney(s) on Appeal** | For State:<br><br>Virginia M. McGinn<br>Department of Attorney General |
| | For Defendant:<br><br>Ernest Chandler, Pro Se |