DECISION
The matter before the Court involves two interrelated cases, the above-captioned matter which was originally resolved in 2004, and the case of State v. Carl White, W2-2007-0042A, a case in which the single count criminal information similarly alleged that White knowingly possessed child pornography in his home on September 27, 2006.
 I Facts and Travel
The instant case involved a criminal information in which Defendant White was charged with two counts of violating G.L. Section 11-9-1.3B2 (possession of images of child pornography). White entered a plea of nolo contendere to count 1 on December 6, 2004. In exchange for his plea, the State dismissed the second count and White was allowed to participate in the deferred sentence agreement program. See
G.L. Section 12-19-19. On January 26, 2007, the State filed a violation report consistent with its practice regarding probation as well as deferred sentence agreement violation allegations.See Super. R. Crim. Pro 32(f). The factual basis for the violation filing was the discovery and subsequent warrantless seizure of alleged child pornography at the home of the defendant in late September 2006.
White was initially held without bail as an alleged violator. Bail was *Page 2 
subsequently set on February 7, 2007; the Defendant posted the requisite portion of the surety bail in cash and was released on February 14, 2007. Although the case stood in a posture of an alleged violation of a deferred sentence agreement, Defendant filed a motion to suppress[1], alleging that the September search of his home and the seizure of evidence were in violation of the Fourth Amendment. Similar motions were later filed in the "new case" concerning which he was arraigned on March 19, 2007. Bail was set in N2-2007-0042. It was immediately posted and the defendant again released.
After the taking of substantial evidence on April 27 and May 1, 2007, this Court issued a written decision on June 7, 2007 in which it announced that the evidence seized from the Defendant's home by the Rhode Island State Police would be suppressed for the purpose of the pending criminal case. However, that decision was not dispositive of the pending violation. Nor did this Court intend that the decision have any effect on the course of the violation matter.
After several continuances evidence was taken on July 19 and 20, 2007, concerning the factual basis of White's alleged violation of deferred sentence. At the conclusion of the hearing, this Court found the defendant to be a violator, held him without bail and ordered a pre-sentence report to be completed by September 7th. The basis of the violation finding was the evidence introduced during the hearings, not the mere accusation contained in the information filed as N2-2007-0042. Finally, on September 20, 2007, this Court sentenced Defendant to a full sentence of five years, the first three years to serve to be followed by two years suspended sentence with probation. *Page 3 
Meanwhile, [2] on July 26, 2007, the State elected to dismiss the 2007 case pursuant to Super. R. Crim. Pro. 48(a).
White failed to file a timely appeal of this Court's finding that he violated the terms of his deferred sentence agreement or the sentence imposed as a result. He has recently filed for relief in the Superior Court through his Motion to Quash and Vacate Finding of Violation of Deferred Sentence Pursuant to G.L. Section 12-19-18. The State filed a written objection. Brief oral argument was heard on May 17, 2010. Accordingly, the issue presented by Defendant's motion is ripe for decision.
 II Analysis
In this case, the parties' arguments stem from their varying interpretations of § 12-19-18[3], which provides:
 (a) Whenever any person has been sentenced to imprisonment for violation of a deferred sentence by reason of the alleged commission of a felony and the grand jury has failed to return any indictment or an information has not been filed on the charge which was specifically alleged to have constituted the violation of the deferred sentence the sentence to imprisonment for the alleged violation of the deferred sentence shall, on motion made to the court on behalf of the person so sentenced, be quashed, and imprisonment shall be immediately terminated, and the deferred sentence shall have same force and effect as if no sentence to imprisonment had been imposed.[4] *Page 4 
At the outset, White argues any finding of a violation cannot stand in light of the State's dismissal of the 2007 case. White contends that without the evidence obtained from the illegal search and seizure of his computer, a criminal information could not have issued. According to White, because the criminal information filed against him is based
 solely upon the alleged probable cause that emanated from the computer and the evidence contained on the computer [was illegally seized] . . . the only evidence introduced against Mr. White during the violation proceeding was obtained from this illegal search and seizure and the finding was based solely upon the introduction of illegally obtained evidence.
As a result, White argues the dismissal of the underlying charge in the 2007 case is the equivalent of failing to indict and/or proceed by way of criminal information under § 12-19-18. *Page 5 
Moreover, White contends that ruling the illegally obtained evidence must be suppressed in a criminal prosecution, but allowing the same evidence to be introduced to demonstrate a violation of his deferred sentence amounts to legal error. In support of his position, White cites to the case of Board of License Commissioners of the Townof Tiverton v. Pastore, for the proposition that the state cannot "avail itself of the fruits of an illegal search in order to impose sanctions upon those persons whose constitutional rights have been violated." 463 A.2d 161, 164 (R.I. 1983).
Further, White asserts that any argument § 12-19-18 does not apply in this case because a criminal information was filed is misplaced. White alleges this argument defies the intent of § 12-19-18's provisions and is illogical because "there is no procedural mechanism to suppress evidence obtained in violation of the United States and Rhode Island Constitutions prior to the filing of a formal proceeding."
Conversely, the State argues that § 12-19-18 simply does not provide for the quashing and dismissal of a deferred sentence violation when the State decides to dismiss a criminal information after the granting of a defendant's motion to suppress. According to the State, because it did file a criminal information, the plain language of § 12-19-18 "plainly cannot bear the weight [White] ascribes to it" as nothing in White's memorandum "countermands the plain reading of R.I.G.L. § 12-19-18." Additionally, the State asserts the Defendant's reliance on Pastore is misplaced because the case does not speak to § 12-19-18 and may no longer be good law in light of the Rhode Island Supreme Court's decision inTexter. As a result, the State contends "it should be clear . . . that there is no legal basis upon which to grant [White's] motion to vacate and quash."
Our Supreme Court has stated that "[t]he construction of legislative enactments is *Page 6 
a matter reserved for the courts." State v. Greenberg,951 A.2d 481, 489 (R.I. 2008) (quoting Brennan v. Kirby,529 A.2d 633, 637 (R.I. 1987)). When the language of a statute is clear and unambiguous on its face, the task of statutory interpretation is at an end and this Court must give the words of the statute their plain and ordinary meaning. State v.Menard, 888 A.2d 57, 60 (R.I. 2005); see alsoState v. Smith, 766 A.2d 913, 924 (R.I. 2001). This Court "`will not broaden statutory provisions by judicial interpretation unless such interpretation is necessary and appropriate in carrying out the clear intent or defining the terms of the statute.'"Mendard, 888 A.2d at 60 (quoting Gem Plumbing HeatingCo. v. Rossi, 867 A.2d 796, 811 (R.I. 2005)). When a statute is ambiguous and susceptible to more than one interpretation, this Court must "`glean the intent and purpose of the Legislature `from a consideration of the entire statute, keeping in mind [the] nature, object, language and arrangement' of the provisions to be construed.'" Castelli v. Carcieri,961 A.2d 277, 282 (R.I. 2008) (quoting In re Advisory Opinion tothe Governor, 668 A.2d 1246, 1248 (R.I. 1996)).
Here, White contends § 12-19-18 mandates the quashing and dismissal of his deferred sentence violation because the State dismissed the 2007 case pursuant to Super. R. Crim. Pro. 48(a). After review, this Court is satisfied the clear and unambiguous language of § 12-19-18(a) provides for the quashing and dismissal of a deferred sentence violation only where "the grand jury has failed to return any indictment or an information has not been filed
on the charge which was specifically alleged to have constituted the violation of the deferred sentence." (Emphasis added). It is undisputed the State did file a criminal information against White in this case. As such, by its very terms, § 12-19-18 does not provide White with a basis to quash and vacate his deferred sentence. Ascribing *Page 7 
the interpretation proposed by White to § 12-19-18 ignores the plain language of the statute and unnecessarily broadens its statutory provisions. See Menard, 888 A.2d at 60.
Additionally, this Court is of the opinion that the appropriate avenue for White to pursue a review of his violation hearing and sentence was through an appeal pursuant to R.I. Sup. Ct., art. I R. (4) (b). Under R.I. Sup. Ct., art. I R. 4(b), White had twenty days to appeal his violation hearing and the sentence imposed to the Rhode Island Supreme Court. However, in this case, the twenty day period for White to file an appeal has already lapsed. As a result, rather than pursue a review through an appeal, White chose to move to quash and vacate his sentence pursuant to § 12-19-18, despite the statute's plain and unambiguous language.
Moreover, this Court also notes White's contention that it was legal error for the Court to consider evidence obtained as a result of the illegal search and seizure as part of his violation hearing is unavailing. As a preliminary matter, the exclusionary rule does not apply to violation proceedings. See Texter, 896 at 43 (quoting State v. Spratt,120 R.I. 192, 195, 386 A.2d 1094, 1095-96 (1978)) (stating "`the potential benefit to society from refusing to extend the exclusionary rule to revocation hearings outweighs any harm resulting from that refusal'"). Moreover, the Court also notes White's reliance on Pastore, which extends the exclusionary rule to a liquor license revocation proceeding, is misplaced. See Pastore, 463 A.2d at 164.Pastore does not address the clear and unequivocal language of § 12-19-18, and was decided before the Rhode Island Supreme Court's decision in Texter. Further, this Court also notes the determination White violated the terms of his deferred sentence was not based "solely" upon the information garnered from the illegal search and seizure. In particular, in reaching its determination *Page 8 
the Court relied on the testimony of White's probation officer, who viewed the images of child pornography prior to contacting the Portsmouth Police which department summoned the State Police to Defendant's home. See Hampton v. State,786 A.2d 375, 379 (R.I. 2001) ("The hearing justice's only responsibility is to determine, according to the Rule 32(f) requirements, whether he or she is reasonably satisfied that the defendant has violated one or more of the terms of his or her probation."). That testimony alone was sufficient to conclude that White failed to keep the peace and remain of good behavior. SeeState v. McCarthy, 945 A.2d 318, 327 (R.I. 2008).
 III Conclusion
Based on the foregoing, the Defendant's Motion to Quash and Vacate Finding of Violation of deferred sentence pursuant to § 12-19-18 is denied.
[1] The suppression remedy generally afforded to defendants in criminal prosecutions does not apply to violation matters.See State v. Texter, 896 A.2d 40, 43 (R.I. 2006).
[2] The Court also added certain express conditions regarding the probationary period.
[3] The Court is mindful that the parties submitted their memorandum in this matter prior to the recent amendment to § 12-19-18 on June 12, 2010. However, after review, the Court notes the amendment to § 12-19-18 added enumerated sections (a), (b), and (c). Section 12-19-18(a) embodies § 12-19-18 prior to amendment and is the same unaltered language of the statute prior to amendment. Sections 12-19-18(b)-(c) do not deal with a deferred sentence and are not pertinent to this Court's analysis. Moreover, there is nothing in the language of the statute that indicates it is intended to apply retroactively.See Theta Properties v. Ronci Realty Co, Inc.,814 A.2d 907, 915 (R.I. 2003) ("Generally, statutes and their amendments are `to operate prospectively unless it appears by clear, strong language or by necessary implication that the Legislature intended to give the statute retroactive effect.'") (Citation omitted).
[4] The portions of § 12-19-18(b)-(c) provide the following:
 (b) Whenever any person, after an evidentiary hearing, has been sentenced to imprisonment for violation of a suspended sentence or probationary period by reason of the alleged commission of a felony or misdemeanor said sentence of imprisonment shall, on a motion made to the court on behalf of the person so sentenced, be quashed, and imprisonment shall be terminated when any of the following occur on the charge which was specifically alleged to have constituted the violation:
 (1) After trial person is found "not guilty" or a motion for judgment of acquittal or to dismiss is made and granted pursuant to Superior or District Court Rule of Criminal Procedure 29;
 (2) After hearing evidence, a `no true bill' is returned by the grand jury;
 (3) After consideration by an assistant or special assistant designated by the attorney general, a `no information' based upon lack of probable cause is returned;
 (4) A motion to dismiss is made and granted pursuant to the Rhode Island general laws Sec. 12-12-1.7 and/or Superior Court Rule of Criminal Procedure 9.1; or
 (5) The charge fails to proceed in District or Superior Court under circumstances where the state is indicating a lack of probable cause, or circumstances where the state or its agents believe there is doubt about the culpability of the accused.
 (c) This section shall apply to all individuals sentenced to imprisonment for violation of a suspended sentence or probationary period by reason of the alleged commission of a felony or misdemeanor and shall not alter the ability of the court to revoke a suspended sentence or probationary period for an allegation of conduct that does not rise to the level of criminal conduct. (emphasis added)